## WILLIAMS v. ALLEN, ADM'R.

PLEADING.—*Evidence.*—*Promissory Note.*—In a complaint by an administrator, the first paragraph was upon a promissory note payable to the plaintiff's intestate; and the second paragraph was for money loaned by the deceased to the defendant. The answer was payment to both paragraphs of the complaint, want of consideration to the first paragraph, and the general denial to the second paragraph. Reply in denial. On the trial, the promissory note was introduced in evidence in support of the second paragraph of the complaint, over the defendant's objection, but the court informed the jury, that no recovery beyond the note could be had, unless there was proof showing something due. The finding did not exceed the amount of the note and interest.

*Held*, that there was no available error in admitting the note in evidence.

PRACTICE.—*Evidence.*—*Judicial Discretion.*—It is very much within the discretion of the court to permit a party, after he has closed his evidence and the other party has commenced, to introduce additional evidence in support of his case, upon an affidavit of newly-discovered evidence.

WITNESS.—*Competency.*—On the trial of such action by an administrator, witnesses having testified to admissions by the defendant, this did not render him competent as a witness, or make it the duty of the court to require him to testify.

PRACTICE.—*Instructions.*—Where instructions have been already given in substance, they need not be repeated in another form at the request of either party.

SAME.—*Witness.*—*Examination.*—A request that leading questions may be asked a party's own witness, on the ground that he is hostile, is addressed to the discretion of the judge.

SAME.—*Open and Close.*—On the trial of such action, there having been some evidence in support of the second paragraph ·of the complaint, it was not error to refuse the open and close in the argument to the defendant.

APPEAL from the Clay Common Pleas.

DOWNEY, J.—Action by the appellee against the appellant. The first paragraph of the complaint was based upon a promissory note payable to the plaintiff's intestate, and the second was for money loaned by the said deceased to the defendant. The action was commenced by the guardian of the deceased, she being insane; but she having afterward departed this life, it was, thereafter, revived in the name of the appellee, as the administrator of her estate.

The defendant pleaded, first, a general denial; and, second, payment to both paragraphs of the complaint; and, third, to the first paragraph want of consideration. The plaintiff replied by a general denial. The defendant then withdrew the general denial, in his answer, as to the first paragraph of the complaint.

The cause was then submitted for trial to a jury, and there was a verdict for the plaintiff. A motion by the defendant for a new trial was overruled, and judgment was rendered on the verdict.

The only error properly assigned is, that the court erred in refusing to grant a new trial on the motion of the defendant.

In the general bill of exceptions, it appears that the note mentioned in the first paragraph of the complaint was read in evidence, but it does not appear for what purpose it was offered. In a special bill of exceptions in another part of the record, it is shown that it was offered and admitted in evidence in support of the second paragraph of the complaint, that it was so admitted over the objection of the defendant, and that he reserved the proper exception to the ruling. If it be conceded that this ruling was incorrect, we think it should not reverse the judgment, for the reason that, under the direction of the court to the jury, it could not have injured the defendant. The court said to the jury that before the plaintiff could be entitled to recover anything for borrowed money, outside of the money for which the note was executed, the plaintiff must show that there was something due from the defendant to the plaintiff by a preponderance of the evidence, and that if they found that there was nothing due the plaintiff under the second paragraph of the complaint for money loaned, and that the note was executed without consideration, or had been paid before the suit, they should find for the defendant. The verdict of the jury did not exceed the amount of the note with its interest. The finding of the jury ought to be referred to the note, which is the predicate of the second paragraph of the complaint. The ruling of the court, if it was wrong, which we need not decide, could not, under these circumstances, have been any injury to the defendant.

When the plaintiff had introduced the note in evidence, he rested, and the defendant gave notice that he would claim the right to open and close the argument. On the next day, after the defendant had examined two witnesses, he moved the court to strike out the note from the evidence, which had been offered the day before. The plaintiff, thereupon, upon affidavit of his attorneys that he had discovered, since the day before, that he could prove by certain witnesses admissions of the defendant with reference to the loan of money by the deceased to the defendant, as alleged in the second

paragraph of the complaint, was allowed, over the defendant's objection, to introduce such evidence, the court giving the plaintiff's motion precedence over that of the defendant, and refusing that of the defendant. It was not such error to refuse to strike out the note as should reverse the judgment, for the reason already stated by us. It was within the discretion of the court to allow the additional evidence to be introduced. If we should reverse the judgment on account of the admission of this evidence, and remand the cause for a new trial, this same evidence might then be admitted. It does not appear that the defendant was taken by surprise by this evidence, but, on the contrary, we think it pretty clearly appears that he was expecting it, and had prepared to meet it. But see *Coats* v. *Gregory*, 10 Ind. 345.

The new witnesses on behalf of the plaintiff having testified to admissions by the defendant tending to show the loaning of money by the deceased to him, the defendant offered himself as a witness in his own behalf to meet the evidence of these witnesses, and he was not allowed to testify. We are quite clear that this ruling was correct. It is provided that in all suits where an executor, administrator, or guardian is a party in a case where a judgment may be rendered either for or against the estate represented by such executor, administrator, or guardian, neither party shall be allowed to testify as a witness unless required by the opposite party, or by the court trying the cause, except in cases arising upon contracts made with the executor, administrator, or guardian of such estate. 3 Ind. Stat. 561. It is insisted by counsel for the appellant that matters occurring after the death of the deceased, in relation to contracts made with the deceased, do not fall within this prohibition, and that, therefore, the defendant should have been allowed to testify concerning the admissions made by him after the death of the deceased. We cannot sanction this construction of the statute in question. It is also claimed that by offering himself as a witness the defendant made it the duty

of the court to allow him to testify under the part of the statute quoted which allows the court to require a party to testify. The term "require" could hardly have been used in the sense of allowing a willing witness to testify. It rather conveys the idea of compelling an unwilling witness to give evidence. If the court may allow or require a party to testify on his own application, it must be held to be, to a great extent, if not entirely, within the discretion of the court. At all events, the court was not given to understand that the evidence was sought under that provision of the act. We think this position untenable.

We have examined the instructions given, and those refused. Those refused, which were applicable and legal, were given in substance in the instructions given by the court. In such cases there is no error. The court need not repeat an instruction already given to the jury.

It is insisted that one of the witnesses, a son of the deceased, introduced by the defendant, was so hostile to the defendant, that the court should have allowed the examination of him to assume the form of leading questions. This was demanded by the defendant, and refused by the court. This is a matter so much within the discretion of the court trying the cause, that this court would require a strong case to justify it in reversing a judgment for the refusal to allow the privilege, if it would in any case reverse a judgment for that reason. 1 Greenl. Ev., sec. 435.

It is insisted that the court committed an error in not allowing the defendant to open and close the argument. We think not. There was some evidence under the second paragraph of the complaint. Had there been none, the case would have fallen within the rule sanctioned by the case of *Zehner* v. *Kepler*, 16 Ind. 290, cited and relied upon by the appellant. The rule applicable is that stated in *Jackson* v. *Pittsford*, 8 Blackf. 194.

It is urged lastly, that the court should have granted the new trial because the evidence was not sufficient to sustain the verdict of the jury. We are not of this opinion.

The judgment is affirmed, with costs.

*S. Claypool, G. A. Knight,* and *G. P. Stone,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellee.