No. 8161.

## WRAPE ET AL. *v.* HAMPSON.

PRACTICE.—*Suits By or Against Executors, Administrators or Guardians.—Parties as Witnesses.*—Under the first proviso in section 2 of the act of March 11th, 1867, defining who should be competent witnesses in all suits where a judgment might be rendered either for or against the estate represented by an executor, administrator or guardian, neither party was allowed to testify as a witness, unless required by the opposite party, or by the court trying the cause.

From the Jennings Circuit Court.

*A. G. Smith,* for appellants.

HOWK, J.—In this action, Henry Hampson sued John

Wrape and George W. Swarthout, administrator of the estate of James P. Swarthout, deceased. In his complaint, the appellee, Hampson, alleged in substance, that, on May 1st, 1875, he and one Henry Wrape were partners in business under the firm name of Wrape & Hampson, and, as such partners, were then engaged in the business of quarrying rock at Deputy, Indiana; that, on said May 1st, 1875, the appellee bargained and sold to said John Wrape and said James P. Swarthout, then in full life, all his interest, being the one equal half, in the business and effects of said firm of Wrape & Hampson, for the sum of $500; that the appellee delivered the said interest to said John Wrape and James P. Swarthout, who took possession, and, in connection with said Henry Wrape, continued said business under the new firm name of Henry Wrape & Co.; that, by the terms of said sale, the said John Wrape and James P. Swarthout were to pay down the sum of $200, and to pay Henry Wrape, for the appellee, the sum of $100, and to pay the appellee the remaining $200 six months after said May 1st, 1875, with interest, which said sum was due and wholly unpaid; and that, in 1878, James P. Swarthout died, and George W. Swarthout was the administrator of said decedent's estate. Wherefore, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee; and over the appellants' motion for a new trial, and his exception saved, the court rendered judgment against them for the appellee, upon its finding.

From this judgment the defendant John Wrape alone has appealed to this court, and his co-defendant has declined to join therein. The only error assigned by the appellant Wrape is the decision of the circuit court in overruling his motion for a new trial. The cause for a new trial, chiefly relied upon by the appellants' counsel for the reversal of the judgment below, was alleged error of law, occurring at the trial, in excluding the evidence of the appellant John Wrape, who offered himself as a witness for the defendants, " which

evidence was material to the issue involved between the parties to this action."

There is no room for doubt in regard to the materiality of the facts which it was proposed to prove by the appellant John Wrape. Indeed, the offered evidence was not objected to on the ground either of its immateriality or of its irrelevancy. When the offer was made to prove certain recited facts by the evidence of said John Wrape, the bill of exceptions contains this statement: "To which offer and the competency of the said John Wrape, as a witness to testify in said cause, the said plaintiff and the defendant George W. Swarthout, administrator, objected, for the reason that the said John Wrape was not a competent witness, it being a case where an administrator was a party, and in which a judgment might be rendered for or against said estate,—which objections the court sustained, and refused to permit the said John Wrape to testify as a witness for himself in this action."

This decision of the trial court was clearly right, we think, under the law then in force in relation to the competency of witnesses. The case was tried on the 18th day of March, 1879, and at that time section 2 of the act of March 11th, 1867, " defining who shall be competent witnesses," etc., was the law of this State on the subject now under consideration. 2 R. S. 1876, p. 133. The act of March 15th, 1879, amendatory of said section 2 of the aforesaid act of March 11th, 1867, though approved three days before the trial of this cause, had no emergency clause or section, and did not take effect until the acts of 1879 had been " published and circulated in the several counties of this State by authority," and long after this case was tried. Acts 1879, p. 245.

The first proviso in said section 2 of the act of March 11th, 1867, in so far as it is applicable to the case now before us, reads as follows: "*Provided,* That in all suits where an executor, administrator or guardian, is a party in a case, where a judgment may be rendered either for or against the estate

represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness unless required by the opposite party, or by the court trying the cause," etc.    In the case at bar, the record shows that John Wrape was not "required by the opposite party" to testify as a witness, for his co-defendant, Swarthout, as well as the plaintiff, objected to him as a witness, on the ground of his incompetency.    Nor can it be said that the court trying the cause required said John Wrape to testify, for the ruling complained of is that the court sustained the objections to the competency of said Wrape as a witness, and refused to admit his testimony as evidence.    This statutory proviso is too plain and mandatory in its terms to require construction.    Under the issues in the cause, a judgment not only might but must be rendered by the trial court, either for or against the estate of said James P. Swarthout, deceased, represented by the defendant George W. Swarthout, as such administrator.    As the case is presented by the record before us, the statute in force at the time of the trial imperatively required the court to sustain the objections below to the competency of said John Wrape when offered as a witness, and to exclude his testimony as evidence.

The other causes for a new trial assigned by the appellant were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law.    We think, however, that the evidence in the record fully sustained the finding of the court, and, certainly, the finding was not contrary to law.

Our conclusion is, that the court committed no error in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the costs of the appellant John Wrape.