No. 15,255.

## DOWDEN, ADMINISTRATOR, *v.* WOOD ET AL.

PROMISSORY NOTE.—*Consideration.*—*Parol Evidence to Show.*—*Pleading.*— *Answer.*—*Sufficiency of.*—A husband and wife wishing to procure a home applied to the uncle of the wife, a bachelor, who was on intimate terms with them, and from whom he had received many kindnesses, for money with which to make the cash payment. He first gave them one thousand dollars, which was applied as a cash payment on the land, two notes for seven hundred and fifty dollars each being given for the remainder of the purchase-money; and afterwards he gave them fifteen hundred dollars more with which to purchase said notes. It was agreed with the donor, when the money was delivered, that the principal should never be repaid, but that the donor should be paid an annuity equal to the interest on the sums donated during his natural life. To secure this promise on the part of the husband and wife a note for one thousand dollars was executed to the donor, and the notes purchased were also assigned to him. All the notes were secured by mortgages on the land. An action was brought on the notes by the administrator after the donor's death, and the facts as above were stated in the answer as a defence.

*Held,* that the answer states a good defence to the action; and as the money advanced did not constitute the consideration of the note, that evidence to prove the averments in the answer, such evidence going to the consideration of the notes, was admissible, and was not a violation of the rule prohibiting the admission of parol evidence to contradict a written instrument.

From the Dearborn Circuit Court.

*W. S. Holman, W. S. Holman, Jr., N. S. Givan* and *M. J. Givan,* for appellant.

*H. D. McMullen, W. R. Johnson* and *J. K. Thompson,* for appellees.

COFFEY, J.—The complaint in this case consists of two paragraphs. The first is based upon a promissory note executed by the appellees to Otho W. Dowden for one thousand dollars, dated March 23d, 1882, and seeks to foreclose a mortgage on certain real estate executed to secure the payment of said note.

The second is based upon two promissory notes of seven

hundred and fifty dollars each, executed by the appellees to Levi R. Morrill on the 25th day of March, 1882, and assigned by Morrill to the said Otho W. Dowden. This paragraph, also, seeks to foreclose a mortgage executed by the appellees on certain real estate to the said Morrill to secure the payment of said notes.

The appellees answered, substantially, that at the time of the execution of said several notes and mortgages the appellee America Wood was the wife of her co-defendant George Wood, and that she was the niece of Otho W. Dowden, deceased ; that Dowden was a bachelor, and at the time of his death was sixty-eight years of age ; that at the time of the execution of said note and mortgages he had no home, lodged in the upper story of his business house in the city of Lawrenceburgh, and took his meals elsewhere, and had no one to look after his comfort and welfare; that he was the owner of property of the value of fifty thousand dollars, while the appellees were dependent upon their daily labor for support; that the home of appellees at the time of the execution of said notes and mortgages, and at all times up to the death of said Dowden, was open to him, and that he, when sick or feeling indisposed, came to the home of the appellees, and was by them kept, administered to, boarded and cared for, and that he went to no other place or relatives for care or attention ; that appellees, desiring to purchase the property described in said mortgages to the said Morrill, applied to the said Dowden for money with which to make the down payment, when he advanced to them, for that purpose, one thousand dollars, the same being the one thousand dollars evidenced by the note in suit for that amount ; that at the time they received said money, and at the time said note was executed therefor, it was agreed and understood by the appellees and the said Dowden that there should be a note executed for said one thousand dollars, but that the principal should never be paid, but that the interest should be paid during the life of the said Dowden, and that said

note was only given so that the interest thereon might be collected; that they invested said one thousand dollars in the down payment on said real estate, and executed the other notes in suit for the deferred payments on the same; that shortly thereafter the said Dowden agreed to and did furnish the money to appellees to purchase said two seven hundred and fifty dollar notes; that at the time it was agreed that said money should never be repaid to said Dowden, but that the appellees should pay to him, annually, an amount equal to seven per cent. thereon during his life, and that these appellees should purchase said notes and have the same assigned to the said Dowden; that they did purchase said notes with said money, and afterwards delivered the same to the said Dowden to secure to him the payment of said seven per cent. during his lifetime; that after the purchase of said real estate they continued to live in the house thereon, and to pay the said Dowden the said stipulated sums per annum up to the time of his death, during which time he made the house of the appellees his home for months at a time, especially when indisposed or sick, and appellees continued to care for and board him, and made no charge and received no pay therefor.

The court overruled a demurrer to this answer, and appellant excepted.

Upon issues formed the cause was tried by the court without the intervention of a jury. The court made a finding in favor of the appellant for the sum of two hundred and ninety-one dollars, and, over a motion for a new trial, rendered judgment thereon.

The errors assigned are:

*First.* That the court erred in overruling the appellant's demurrer to appellees' answer to the complaint.

*Second.* That the court erred in overruling the appellant's motion for a new trial.

It is contended by the appellant that the answer above referred to attempts to contradict the terms of the notes in suit,

and is for that reason bad on demurrer.    On the other hand it is contended by the appellees that said answer does not attempt to contradict the notes in suit, but attempts to show upon what consideration they were executed.

It is a rule too familiar to require the citation of authorities, that a written contract can not be added to, contradicted, or varied, by parol testimony.    It is equally well settled on the other hand, that you may in all cases show the consideration upon which a promissory note was executed, unless the consideration is expressed in the note and made contractual.    The cases relied upon by the appellant are *Denman* v. *McMahin,* 37 Ind. 241, and *McDonald* v. *Elfes,* 61 Ind. 279.

In the case of *Denman* v. *McMahin, supra,* the father had loaned the son a sum of money, and had taken a promissory note to secure its repayment.    Subsequently the father promised the son to give him the note, but had never delivered it.    It will be seen by this statement that there was no question in the case as to the consideration upon which the note was executed.

In the case of *McDonald* v. *Elfes, supra,* the payee of the note then involved was the widow of Daniel J. McDonald, deceased.    The note was executed to her by the maker in consideration of the assets of the estate of her late husband, and, notwithstanding it was executed upon that consideration, the maker of the note attempted to allege a verbal agreement, entered into at the time of its execution, by the terms of which it was never to be paid.    It was properly held that to permit him to do so would be to allow him to contradict the express terms of the note.

We do not understand the facts in the case at bar as falling within the rule announced in either of the above cases. This case, as we understand the facts, falls within the rule laid down in the cases of *Sherman* v. *Sherman,* 3 Ind. 337 ; *Norman* v. *Norman,* 11 Ind. 288 ; *Peabody* v. *Peabody,* 59 Ind. 556, and *Daugherty* v. *Rogers,* 119 Ind. 254.

Under the rule as enunciated in these cases the money advanced does not constitute the consideration of the note, and it is competent to inquire into the whole transaction between the parties with a view of ascertaining their real intentions. *Colt* v. *McConnell,* 116 Ind. 249. In this case it appears that it was not the intention of Otho Dowden to make a loan of money to the appellees, but it was his intention to make a gift. With that intention in view the money was delivered. This perfected the gift intended, and the appellees were under no obligation, either legally or morally, to return the money. But it was agreed on the part of the appellees that in consideration of the kindness of Otho Dowden in thus aiding them to procure a home they would pay him an annuity equal to the interest on the sum donated to them during his natural life. For the purpose of securing that promise on the part of the appellees, the one thousand-dollar note was executed, and the two seven hundred and fifty dollar notes were assigned to Dowden. It will thus be seen that the money advanced by Otho Dowden does not constitute the consideration of any of the notes in suit. As to whether the notes would be enforced to the extent of the annuity agreed upon we need not decide, as no such question is presented for our consideration.

This class of cases is to be distinguished from the cases where the note was executed to secure the return of money advanced. In the latter cases if the payee of the note desires to make a gift of the sum secured to the maker of the note, it is necessary that the note should be surrendered in order to perfect the gift. It is not so in the class we are now considering.

In our opinion the answer before us states a good defence to the cause of action set up in the complaint, and the court did not err in overruling a demurrer thereto.

It follows, from what we have said, that the court did not err in overruling the objections of the appellant to evidence tending to prove the averments contained in the answer.

Such evidence went to the consideration of the notes in suit, and did not violate the rule prohibiting the admission of parol evidence to contradict a written instrument.

The evidence tends strongly to sustain the finding and judgment of the trial court.

There is no error in the record.

Judgment affirmed.

Filed June 4, 1890.