## JONAS *v.* HIRSHBERG ET AL.

[No. 5,785. Filed January 30, 1907. Rehearing denied April 25, 1907.]

1. PLEADING.—*Answer.*—*Partial.*—An answer purporting to be to the entire complaint, but which in fact is only to a part thereof, is insufficient on demurrer. p. 94.
2. EVIDENCE.—*Declarations.*—*Title.*—*Prior Conveyance.*—*Fraud.*— In the absence of a conspiracy between the grantor and grantee to defraud a third person, declarations of a grantor, as to title, subsequent to the conveyance of the property, are not admissible against the grantee. p. 96.
3. SAME. *Transactions Preceding Death of Decedent.*—*Witnesses.* —*Competency.*—In a suit by one heir against another, as to any matter occurring prior to the death of the ancestor, neither party is competent as a witness under §507 Burns 1901, §499 R. S. 1881,

Jonas v. Hirshberg—40 Ind. App. 88.

providing that in all suits by or against heirs concerning rights descending from the ancestor, neither party shall be a competent witness as to any matter occurring prior to the death of the ancestor. p. 96.

4. EVIDENCE.—Decedents' Estates.—Witnesses.—Interested Party.—Abuse of Discretion.—In a suit by one heir against another, where there is indefinite evidence of a written contract executed by the ancestor, it is an abuse of discretion, under §508 Burns 1901, §500 R. S. 1881, providing that the court may require such a party to testify, for the court to require the plaintiff to testify as to the contents of such contract. p. 98.

5. NEW TRIAL.—Sufficiency of Evidence.—Where the evidence fairly supports the finding, a motion for a new trial, because of insufficient evidence, should be overruled. p. 99.

From Bartholomew Circuit Court; Perry E. Bear, Special Judge.

Suit by Sadie Jonas Hirshberg against Nellie M. Jonas and the Medora State Bank. From a decree for plaintiff and said bank, defendant Jonas appeals. Affirmed in part. Reversed in part.

Merrill Moores and W. T. Branaman, for appellant.

Thomas M. Honan, for appellee Medora State Bank.

Charles S. Baker, Carl E. Wood, Joseph H. Shea and Frank S. Jones, for appellee Hirshberg.

COMSTOCK, J.—Sadie Jonas Hirshberg brought this action against Nellie M. Jonas and the Medora State Bank to recover the one-half interest in lots No. 1, No. 2 and No. 6 in block O, and lot No. 113, in block W, in the city of Seymour, Indiana. The amended complaint was in five paragraphs, the first of which alleged that plaintiff Hirshberg and defendant were sisters and the only children of John and Amy Jonas, both deceased; that John Jonas, father of said plaintiff and defendant, on November 13, 1894, was the owner of about $40,000 worth of real estate, and personal property of the value of $5,000, and on that day he conveyed to Amy Jonas, his wife, by warranty deed, the lots in controversy; that said John Jonas had living children by a former marriage, and that said warranty deed was made

a part of the paragraph as exhibit A; that John Jonas and Amy Jonas entered into a postnuptial contract; that said contract was in writing and provided that said Amy Jonas was to hold said real estate in trust for said plaintiff and defendant. It was further alleged that said plaintiff could not set out a copy of said postnuptial agreement, for the reason that it was either in the possession of the defendant or had been destroyed; that on August 16, 1902, said Amy Jonas executed a will and attempted to devise and bequeath the real estate and all personal property she then owned to the defendant; that on August 18, 1902, and while said Amy Jonas and John Jonas were upon their death bed, and were physically and mentally incapable of managing any of their said property, they executed to said defendant a deed for said real estate; that the Medora State Bank held a mortgage for $6,000 executed to it by Amy Jonas and John Jonas on May 11, 1901. Said complaint asks that the deed from John Jonas to Amy Jonas be declared a deed of trust for the benefit of plaintiff Hirshberg and defendant; that the deed from John and Amy Jonas to the defendant be declared null and void; that the defendant be required to convey a one-half interest in said real estate to said plaintiff, and that, upon her failure to do so, a commissioner be appointed to make the proper transfer. The second paragraph is substantially like the first, except that plaintiff Hirshberg prayed that her title to a one-half interest in the said real estate be quieted as to all the claims of the defendant. The third paragraph is substantially like the first. The fourth paragraph prays that said plaintiff's title be quieted as to the claims of the defendants, Nellie M. Jonas and the Medora State Bank.

The fifth paragraph alleges, in addition to what the first paragraph contains, that it was the intention of John Jonas that said postnuptial agreement should be recorded, but that Amy Jonas, who took possession of said agreement, failed to record it, and that after said plaintiff's marriage

to Wesley Hirshberg said Amy Jonas conceived, without reason, a violent hatred for said plaintiff's husband, and used every means in her power to separate them, and did succeed in causing them to live apart for a long time; that Amy Jonas was a woman of ungovernable temper, and, with defendant, completely dominated John Jonas, took charge of his business, and declared that said plaintiff's husband should never enjoy any of the benefits of her property or that of John Jonas; that because of her hatred, said Amy Jonas, on August 16, 1902, executed a will attempting to devise the real estate to defendant, and on August 18, 1902, defendant and Amy Jonas induced said John Jonas to join her in a deed attempting to convey the property described in the will to defendant, and for it defendant paid no consideration; that Amy Jonas and said plaintiff, who was at the time named Sadie Jonas, and as a part of the consideration for said conveyance, executed in writing their separate releases, relinquishing and waiving all right and title to and interest in any other real estate owned by said John Jonas; that at that time said John Jonas was in feeble health, and had been confined to his bed for more than six months, and died August 31, 1902; that at the time the deed was executed said John Jonas was suffering great pain physically and mentally, and was very susceptible to the wishes of Amy Jonas and the defendant; that defendant is unmarried, has always made her home with her father and mother, and, being strong mentally and physically, has acquired great influence over them, and so influenced them to sign the deed. This paragraph also asks that the deed be declared a deed of trust for the benefit of plaintiff Hirshberg and defendant; that the deed from Amy Jonas and John Jonas to defendant be declared null and void, and that defendant be required to convey a one-half interest to said plaintiff.

Nellie M. Jonas demurred separately to the amended first, second, third and fifth paragraphs of the complaint for

want of facts, as did also the Medora State Bank. She also filed a separate demurrer to the fourth paragraph of the complaint. These demurrers were overruled. The defendant answered in three paragraphs, the first being a general denial. In the second paragraph she admitted that on November 13, 1894, said John Jonas and Amy Jonas were husband and wife, and entered into a postnuptial agreement in writing relating to the real estate described in each paragraph of the complaint; that said agreement was made for the use and benefit of plaintiff Hirshberg and defendant, and that said agreement was made without any consideration whatever as to said plaintiff, and was revocable, and was by the concurrent acts of Amy Jonas and John Jonas rescinded and revoked during the lifetime of John Jonas and Amy Jonas, and that the real estate described in the complaint was conveyed to this defendant by a warranty deed. The third paragraph alleged that after the publication of the wills of Amy Jonas and John Jonas and after the conveyance of the real estate by them to this defendant, and with full knowledge thereof, plaintiff Hirshberg stated to the defendant that she had not expected and did not expect any part of the property of her parents, and that if any part of the same had been transferred to her or left to her she would have released and conveyed the same to defendant, and that she did not claim any interest in said real estate or any part thereof; that defendant relied upon said statements and was induced thereby to expend, and did in good faith expend, the sum of $1,000 in the payment of debts, funeral and burial expenses of said decedent, and the payment of interest and taxes created by her said parents upon said real estate, and in making repairs and improvements thereon. The prayer was that plaintiff Hirshberg should be estopped from asserting any title or interest in or to said real estate or any part of the same. The court overruled the demurrer to the second paragraph of the answer and sustained the demurrer of said plaintiff to the

amended third paragraph of answer. Said plaintiff filed a reply and general denial to the amended second paragraph of answer.

Defendant Medora State Bank filed an answer in two paragraphs, the first of which was a general denial. In the second paragraph it is alleged that on November 13, 1894, John Jonas was the owner in fee simple of certain real estate (describing it), being the real estate in controversy; that he was then the husband of Amy Jonas and the father of plaintiff Hirshberg and defendant Nellie M. Jonas; that he conveyed by warranty deed all of said real estate to said Amy Jonas, who was then his wife and the mother of said plaintiff and defendant; that a copy of said deed is made a part of this paragraph by exhibit; that there is, and was at said time, a large hotel building upon said real estate, and that said lands and buildings are used exclusively for hotel purposes; that said real estate was conveyed to said Amy Jonas as aforesaid, and prior to May 11, 1901, she made valuable and lasting improvements and repairs on said lands and upon said hotel building—describing the manner in which the improvements were made —at a fair and reasonable cost of $6,000, and as the improvements were made she borrowed, from time to time, money with which to pay for the same, and gave mortgages on said real estate to secure the payment; that on the date last named, for the purpose of paying off and providing for said aggregate indebtedness, she borrowed from said bank $6,000, and she and John Jonas executed the mortgage in suit to secure the payment of the same. It is shown that said loan was made upon the representations of Amy and John Jonas that said Amy was the owner in fee simple of said real estate; that said loan was made in good faith; that the principal is unpaid and due; that on August 18, 1902, said Amy Jonas and John Jonas conveyed said real estate by warranty deed to the defendant, Nellie M. Jonas; that on August —, 1902, said Amy Jonas died

and said John Jonas died on August 31, 1902. Wherefore judgment is asked declaring said mortgage to be a subsisting lien on said real estate and a prior and superior lien to any interest or title to said premises that the plaintiff Hirshberg or the defendant may have therein, and for all other proper and necessary relief. The demurrer of Sadie Jonas Hirshberg to the second paragraph of answer of the Medora State Bank was overruled and she replied by general denial. The cause was tried by the court and a decree rendered that said Sadie Jonas Hirshberg is the owner, and entitled to the immediate possession, of the undivided one-half interest in said real estate as against the claims of Nellie M. Jonas, and that the title of said Sadie Jonas Hirshberg be quieted thereto at the cost of the appellant. The court further found that the mortgage of the Medora State Bank was a valid lien, and that the Medora State Bank should recover its costs as against the appellee Hirshberg.

The only errors assigned which we deem it necessary to consider are the action of the court in sustaining the demurrer of said appellee to the third paragraph of answer and in overruling appellant's motion for a new trial.

The third paragraph of appellant's answer is offered as a defense to the entire complaint. It did not meet all of the material averments. For this reason, if for no other, it

1. was not sufficient, and the court did not err in sustaining the demurrer thereto.

Among the reasons assigned for a new trial are the admission and exclusion of certain evidence. The court permitted George W. Warmoth to testify that John Jonas, no one else being present, in the spring of 1895, stated to him that he had "deeded her some of his property. He said he had given the hotel and the home place up the railroad to Mrs. Jonas for her lifetime, that she had entered into a contract—she and Sadie, as near as I can remember—whereby they were not to come in for any other property, and he said

that he had the contract in writing, is about the way he put it, and that the hotel and home place were going to Sadie and Nellie, and that is about all. He stated that he had deeded it to Mrs. Jonas for her lifetime.'' Frank Jonas, a son of John Jonas, testified that his father, when no one else was present, stated to him that he had entered into a contract. This was the sum and substance of the conversation: ''That they had signed up a contract, giving Mrs. Jonas what she and her children would get out of his property. That he had done it to avoid all trouble, and he hoped there would be no lawsuits or trouble over the deed. And he said: 'I gave Mrs. Jonas the hotel as long as she lives, and then it is to go to her children.' '' Mrs. John Bliss testified that John Jonas, in her house, when no one was present but her husband and son, made a statement to her as follows: ''He began to tell me about his property, what he had done for the two children, and he also stated that he had given Mrs. Jonas the hotel for her lifetime, and then it was to go to her two children, and he said: 'Mrs. Jonas and I have that written in black and white, and when I am dead there will be no trouble,' and he told my husband the same, that he didn't aim for any changes to be made until after he was dead.'' Henry Bliss testified to the following conversation with John Jonas, during his last illness, in 1902, with no one present but Mrs. Jonas: ''I asked him how he was getting along, and he said that he was a pretty sick man, and he didn't think he would be here very long, and he told me he had his property willed off, the hotel and homestead to Mrs. Jonas and her children and to the other of his children the other part.''

Appellant's counsel objected to the foregoing testimony of Mr. Warmoth, upon the ground that the statement was shown to have been made after the execution and delivery of the deed involved and outside of the presence of both defendants or any one representing them, and at a time when Mr. Jonas had parted with possession and control of the

property or the title to it, and for the further reason that it is attempting to establish the contents of a writing by parol and by hearsay, and it is not by the testimony of one who has seen and heard the document read.

The objection made to the testimony of the other of the foregoing witnesses was, in substance, that it related to conversations had in the absence of the appellant and

2. after Mr. Jonas had parted with the title to the land in controversy, and for the further reason that it was attempting to establish the contents of writing by parol and by hearsay. As a general rule the declarations of a grantor, made after he has parted with his title, are not admissible in evidence to impeach the title of any one claiming under him. *Thompson* v. *Thompson* (1857), 9 Ind. 323, 68 Am. Dec. 638; *Kieth* v. *Kerr* (1861), 17 Ind. 284; *Burkholder* v. *Casad* (1874), 47 Ind. 418; *Garner* v. *Graves* (1876), 54 Ind. 188; *Tedrowe* v. *Esher* (1877), 56 Ind. 443; *Kennedy* v. *Divine* (1881), 77 Ind. 490; *Stribling* v. *Brougher* (1881), 79 Ind. 328; *Daniels* v. *McGinnis* (1884), 97 Ind. 549; *Robbins* v. *Spencer* (1895), 140 Ind. 483; *Higgins* v. *Spahr* (1896), 145 Ind. 167. Many other cases and from other jurisdictions might be cited to the same effect. The court erred in admitting this testimony. There is an exception to the rule announced in the foregoing decisions, which is that where the grantor and grantee conspire together to defraud third persons, the statements of either are admissible against the other. The facts in this case do not show a conspiracy or attempt to defraud, and they are not, therefore, within the exception.

Appellee Hirshberg was, by the court, over the objection of appellant, required to testify as to what was said and done at the time the postnuptial contract was made,

3. the parties who were present, and the contents of the contract. She testified that she remembered a certain occasion in November, 1894, when William K. Marshall was called to the Jonas hotel and transacted some business for her

father; that William K. Marshall was an attorney in Seymour, and is now dead; that at that time a deed was drawn up for the hotel property and the home place; that there were two contracts or separate papers; that she and her mother signed the contracts or agreements on that day; that the purport of that contract was that the hotel and home place were the property that her father gave to her mother and her children, so that after his death there would be no trouble with the other children; that as long as her mother lived she was to have full control of the property, was to have the income from it, and at her death it was to be the property of said appellee and appellant; that they were not to have control of the property until after their mother's death, but she was to provide a home for them as long as they lived at home; that her mother accepted it as her share of her husband's estate. She further testified that she saw said paper once after its execution at the Jonas hotel in Seymour, on one of her visits home; that it was provided in the contract that said property was to go to her mother for life and then to her children. The foregoing is the substance of what the witness testified concerning the contract. It is claimed that this action of the court was error under §507 Burns 1901, §499 R. S. 1881, which reads as follows: "In all suits by or against heirs and devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." The suit at bar was by one heir of Amy Jonas against another heir, who was also a devisee. It was founded on a contract with and demand against the common ancestor, and its purpose was to obtain title to and possession of real estate of such ancestor, and such section of the statute makes her incompetent as a witness.

Vol. 40—7

It is, however, provided in a subsequent section (§508 Burns 1901, §500 R. S. 1881) that the court may, in its discretion, require any party to a suit, or other person, to testify, and any abuse of such discretion shall be reviewable on appeal. It was under the last-named section that the court required the appellee Hirshberg to testify. In considering the admission of this testimony, it should be remembered that, as the court stated, it seemed "that no living witness knows the contents. There was a witness in the case, a Mrs. Rooney, who testified on this matter in an indirect way. She said that the two youngest children, Sadie and Nellie, were to have the property after the mother's death, and this is a little indefinite as to whether Mrs. Jonas had a life interest, whether the title to the property passed · immediately to the parties to this suit, whether it was held in the balance or passed afterwards, or whether said plaintiff in this case signed papers. There was some evidence by Mrs. Rooney that she did sign this paper, or some other paper besides the deed, but she was not clear as to its form. She knew the deed and testified to the contents of some writing, yet she did not know what was signed by the parties, so it leaves the matter in the court's hand wholly indistinct." Under these circumstances the court required the party most interested to testify as to the contents of an alleged written agreement.

In *Tayloe* v. *Riggs* (1828), 1 Pet. *591, 7 L. Ed. 275, Chief Justice Marshall states the law: "When a written contract is to be proved, not by itself, but parol testimony, no vague, uncertain recollection concerning its stipulations ought to supply the place of the written instrument itself. The substance of the agreement ought to be proved satisfactorily; and if that cannot be done, the party is in the condition of every other suitor in court, who makes a claim which he cannot support. When parties reduce their contract to writing, the obligations and rights of each are de-

scribed, and limited by the instrument itself. The safety which is expected from them, would be much impaired, if they could be established upon uncertain and vague impressions made by a conversation antecedent to the reduction of the agreement." In *Edwards* v. *Noyes* (1875), 65 N. Y. 125, the court says: "Parol evidence to establish the contents of a lost deed should be clear and certain. It should show that the deed was properly executed with the formalities required by law, and should show all the contents of the deed, not literally, but substantially. If anything less than these requirements would suffice, evil practices, which it was the object of the statute of frauds to prevent, would be encouraged."

The testimony of this interested witness tended to create a trust in her favor of which there was lacking any definite, competent evidence. The deed itself, on its face, did not create a trust. Whether the court, in the admission of evidence, exceeds its discretion, must depend upon the particular facts of a given case. The admission of the testimony of the appellee was against the spirit and the letter of §507, *supra,* and, under all the facts shown by the record, we think the court was not justified, even by the proviso contained in §508, *supra,* in permitting the appellee to testify. Other questions presented may not arise upon a second trial.

Appellee assigns as cross-error the action of the court in overruling her motion for a new trial as to the Medora 5. State Bank. The evidence fairly supports the claim of the bank and the motion was properly overruled.

The judgment is affirmed as to appellee Medora State Bank and reversed as to appellant, Nellie M. Jonas, and the trial court directed to sustain her motion for a new trial.