## MIEDREICH, ADMINISTRATOR, v. FRYE.

[No. 6,227. Filed February 25, 1908.]

1. APPEAL.—*Briefs.*—*Demurrers.*—Appellant's failure in the brief, on appeal, to set out the demurrer, or the substance thereof, which he alleges was improperly overruled, constitutes a waiver of such alleged error. p. 318.

2. WITNESSES. — *Competency.* — *Decedents' Estates.* — A claimant against a decedent's estate is not, under §521 Burns 1908, §498 R. S. 1881, a competent witness, on his own initiative, as to anything which occurred in the lifetime of decedent; but the judge in his discretion may, under §526 Burns 1908, Acts 1883, p. 102, §1, require such claimant to testify. p. 319.

3. SAME.—*Attorney and Client.*—*Decedents' Estates.*—*Insane Persons.*—An attorney employed, by an insane person, to institute proceedings to restore such person to sanity, is not, under §521 Burns 1908, §498 R. S. 1881, a competent witness to testify upon his own initiative, to such service in an action against such person's estate, for attorney's fees; and where his testimony con-

stitutes the entire evidence in support of his claim, it is not discretionary with the trial judge, under §526 Burns 1908, Acts 1883, p. 102, §1, to call such attorney as a witness. p. 319.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Action by Philip W. Frey against William P. Miedreich, as administrator *de bonis non* of the estate of John Durkin, deceased. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Louis J. Herman,* for appellant.
*John W. Spencer* and *John R. Brill,* for appellee.

Comstock, J.—Appellee filed in the court below a claim against the estate of John Durkin, deceased, in the sum of $50 for legal services for filing a petition for having the decedent, who had been declared a person of unsound mind, and who was then under legal guardianship, restored to sanity and declared a person of sound mind. The decedent was declared a person of unsound mind November 13, 1903. Henry Embush was appointed his legal guardian November 14, 1903. January 2, 1904, appellee filed a petition for the restoration to sanity of decedent. The decedent died January 4, 1904. The petition for restoration was dismissed January 5, 1904. The cause was put at issue, and the court found in favor of appellee in the sum of $50.

Two specifications of error are assigned: (1) The overruling of appellant's demurrer to the complaint of appellee; (2) the overruling of his motion for a new trial. In support of the first specification of error, it is pointed out that the claim was filed in the name of P. W. Frye, instead of Philip W. Frye, and, as this appeared on the face of the claim, appellant insists that it was subject to demurrer.

In behalf of appellee it is pointed out that appellant has waived this specification of error by his failure to set out in the brief a copy of the demurrer or the substance of it. The point is well taken under rule twenty-two of the Appellate Court. *Citizens Nat. Bank.* v. *Alex-*

*ander* (1905), 34 Ind. App. 596; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253.

One of the reasons in the motion for a new trial is that the court erred in permitting the claimant, over the objection of defendant, to testify in his own behalf. It appears from the record that the plaintiff was called in his own behalf, and, over the objection of defendant, was permitted to testify in detail and at length as to his employment by the decedent, and of his services rendered under said employment. It does not appear that he was required by the court to testify. He was a voluntary witness in his own behalf. This, under §521 Burns 1908, §498 R. S. 1881, was error. Said section, in terms, makes him incompetent. Section 526 Burns 1908, Acts 1883, p. 102, §1, provides that the court may, in its discretion, require any party to a suit, or other person, to testify, and any abuse of such discretion shall be reviewable on appeal. It is under this section that counsel for appellee contend that he was a competent witness. The proviso that the court "may require" a witness to testify has been construed as intending to convey the idea of compelling an unwilling witness to testify; the discretion to be exercised upon an unwilling witness, and not upon the application of a party to testify in his own behalf. *Williams* v. *Allen* (1872), 40 Ind. 295, 299; *Wrape* v. *Hampson* (1881), 78 Ind. 499; 1 Thornton's Civil Code, §293, note 1.

The facts in the case at bar did not, under the foregoing decisions, call for the exercise of the court's discretion, but, even if we concede that the occasion for the exercise of discretion is made to appear, it remains to be determined whether the court exceeded its discretion. The solution of such a question, whenever it arises, must depend upon the particular facts in each case. Appellee's testimony supplied evidence, without which it was wholly impossible to establish his claim. The deceased at the time of

the alleged contract of employment was under guardianship as a person of unsound mind. The admission of appellee's testimony, under all the circumstances, was against the letter and the spirit of §521, *supra,* and was not justified under §521 or §526. *Jonas* v. *Hirshburg* (1907), 40 Ind. App. 88, and cases cited.

Judgment is reversed, with instructions to sustain appellant's motion for a new trial.