## MYERS ET AL. *v.* MANLOVE.

[No. 7,930. Filed April 24, 1913.]

1. WITNESSES.—*Competency.—Parties.—Nature of Action.—Statutes.*—An action to obtain a money judgment on a promissory note is not included in the subject-matter of §522 Burns 1908, §499 R. S. 1881, rendering parties incompetent to testify in suits by or against heirs or devisees on a contract with or demand against the ancestor, to obtain title to or possession of property in the right of such ancestor, or to affect the same in any manner. p. 329.

2. WITNESSES.—*Competency.—Parties.—Action by Heirs Instead of Personal Representative.—Statutes.*—An action by the widow and only son of a decedent to recover on a note payable to decedent, is one which in contemplation of statute and the ordinary course of procedure is brought by the personal representative of the decedent, and is therefore controlled by §521 Burns 1908, §498 R. S. 1881, providing that in suits in which an administrator or executor is a party, wherein a judgment may be rendered for or against the estate, any party whose interest is adverse to such estate is incompetent to testify as to matters occurring in the lifetime of the decedent. p. 330.

3. WITNESSES.—*Power of Court to Require Witness to Testify.—Statutes.*—The power of the court to require a witness to testify, under §526 Burns 1908, Acts 1883 p. 102, authorizing the court in its discretion to require a party or other person, in certain cases of incompetency, to testify, is not limited to unwilling witnesses. p. 330.

4. APPEAL.—*Review.—Question Presented.—Discretion of Court in Requiring Witness to Testify.*—The question of the proper or improper exercise by the trial court of its power, under the provisions of §526 Burns 1908, Acts 1883 p. 102, to require a witness, otherwise incompetent, to testify, is presented where it appears that, after first holding the witness incompetent to testify as to matters occurring in the lifetime of the decedent, his testimony was received as permissible in the discretion of the court. p. 331.

5. WITNESSES.—*Requiring Incompetent Witness to Testify.—Discretion of Court.—Statutes.*—In an action on a note by the widow and only son of the deceased payee, the court, after holding that defendant was incompetent, in requiring him to testify, pursuant to the provisions of §526 Burns 1908, Acts 1883 p. 102, authorizing the trial court in its discretion to require parties or other persons to testify in certain cases of incompetency, did not abuse its discretion, where there was evidence, though remote and indefi-

nite, which tended to establish the defense, and the facts presented were such as in all probability impressed the court that the ends of justice would be thereby subserved. pp. 331, 333.

6.  WITNESSES.—*Requiring Incompetent Witness to Testify.*—*Discretion of Court.*—The determination of whether the court is justified in exercising the discretion granted by §526 Burns 1908, Acts 1883 p. 102, authorizing it to require parties or other persons to testify in certain cases of incompetency, must depend upon the particular facts in each case. p. 333.

7.  EVIDENCE.—*Ownership of Note.*—*Assessment Sheets.*—In an action by the widow and only son of a deceased payee of a note, assessment sheets showing that the note had not been listed by the payee, were admissible in evidence on the question of the ownership of the note. p. 334.

From Fayette Circuit Court; *George L. Gray,* Judge.

Action by Mary L. Myers and another against Emery Manlove. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*D. W. McKee, H. L. Frost* and *R. N. Elliott,* for appellants.

*Conner, Conner & Chrisman,* for appellee.

FELT, P. J.—This was a suit by appellants against appellee on a promissory note, a copy of which is as follows:

"Connersville, Ind., March 15, 1902.
Value received:
    One day after date, I promise to pay to Calvin Myers or order Fifteen Hundred Dollars ($1,500) with interest at four per cent per annum after date. Emery Manlove."

The complaint is in the usual form of a suit on a note and also alleges that the payee of said note died intestate on February 17, 1906, leaving appellants, Mary L. Myers, his widow and Oliver P. Myers, his son, as his only heirs at law; that all the debts of Calvin Myers, deceased, had been paid in full and there was no administration on his estate. Appellee filed answer in two paragraphs. One setting up want of consideration and the other alleging no consideration for the note except the sum of $400. A reply of gen-

eral denial to each of the answers was filed.  Trial by jury resulted in a verdict for appellee.  Appellants' motion for a new trial was overruled, judgment for appellee was rendered on the verdict and this appeal taken.

Appellant, Mary L. Myers, and appellee are brother and sister, children of Margaret Manlove, deceased, who died March 24, 1902.  Appellee claims that appellant, Mary L. Myers, obtained possession of a large amount of cash which had belonged to their mother; that she knew he had knowledge of that fact; that said Mary L. was seeking to keep said funds from coming to the knowledge and possession of the legal representative of her mother's estate and to make distribution thereof herself; that the money for which said note was given was paid to him as a part of his distributive share of such funds; that instead of executing a receipt therefor as he intended to do, at the suggestion and request of said Mary L., he executed to her husband the note in suit as evidence of such payment and dated it March 15, 1902, though the transaction took place on April 1 after the death of their mother.  Appellee offered himself as a witness in his own behalf and the court held that under the statute he was incompetent to testify to anything relating to the transaction which occurred prior to the death of the payee of the note.  The court thereupon in the exercise of its discretion under §526 Burns 1908, Acts 1883 p. 102, required appellee to testify in the case.  Appellants claim that this was an abuse of the discretion given the trial court by the statute; that his testimony was the only evidence tending to explain or impeach the consideration of the note or to show that it was in fact executed at a date other than that shown upon the instrument.

Appellants and appellee refer to §522 Burns 1908, §499 R. S. 1881, as controlling the question of appellee's competency as a witness.  This section covers suits

1. "by or against heirs or devisees on a contract with or demand against the ancestor, to *obtain title to or pos-*

*session of property, real or personal,* of, or in right of, such ancestor, or to affect the same in any manner.'' This is a suit to obtain a money judgment on a promissory note, and is not included in the subject-matter of §522, *supra. Snyder* v. *Frank* (1913), *ante* 301, 101 N. E. 684, and cases cited. The suit here is by the widow and only

2. son of the deceased payee of the note who are prosecuting a suit that in contemplation of the statute, and in accordance with the usual course of procedure, would be brought by the administrator or executor of Calvin Myers, deceased. If the suit had been brought by such legal representative, the competency of appellee as a witness would then clearly have been controlled by §521 Burns 1908, §498 R. S. 1881. The subject-matter of this suit is clearly covered by §521, *supra,* and though the suit is by heirs instead of the legal representative of the decedent, it comes within the spirit of the section, which we hold controls the question of appellee's competency as a witness. *Clift* v. *Shockley* (1881), 77 Ind. 297, 299; *Taylor* v. *Duesterberg* (1887), 109 Ind. 165, 171, 9 N. E. 907; *Durham* v. *Shannon* (1888), 116 Ind. 403, 405, 19 N. E. 190, 9 Am. St. 860; *Sloan* v. *Sloan* (1898), 21 Ind. App. 315, 318, 52 N. E. 413. By virtue of the statute, appellee was incompetent to testify to matters occurring in the lifetime of the decedent. Being incompetent, the further question remains as to whether the trial court abused its discretion in allowing him to testify. Some questions are discussed as to whether the court required him to testify or only permitted him as a willing witness in his own behalf. It appears that the court and counsel on both sides practically agreed that he was an incompetent witness to the transactions named in the statute, and that the court only admitted his testimony on the theory that he had a right to do so in the exercise of the legal discretion conferred by §526 Burns 1908,

3. *supra.* It is evident that in practically all cases the party whose testimony is incompetent under the stat-

ute is willing to be "required" to testify and we are not inclined to narrow the application to unwilling witnesses, though there are some expressions in the decided cases indicating that such is the meaning of the statute.

4. Where it appears, as it does here, that the court held the witness incompetent to testify as to matters occurring in the lifetime of the decedent, and then received his testimony as permissible in the discretion of the court, the question of the proper or improper exercise of such discretionary power is presented.

5. Appellants offered evidence to show that the date of the note showed the true date of the transaction and that the money obtained by appellee on the note belonged to the payee, Calvin Myers. Independent of the testimony given by appellee after the court permitted him to so testify, there was evidence tending to show that Calvin Myers never listed the note for taxation and that neither of appellants ever listed it for taxation until after this suit was instituted. That Margaret Manlove went to the home of appellee about two weeks prior to her death and soon after took sick and died without returning home; that she was very ill for ten days or more before her death and appellant Mary L. claimed to have been with her most of the time of her illness. Also that Margaret Manlove was a woman of means, eighty-four years of age at the time of her death; that she had lived alone on her farm of about 300 acres for about nine years after her husband's death; that she kept money about her house and was close and saving in her habits; that she had sometimes loaned money; that on the day of her death appellant, Mary L., and her brothers, John and George, went to her residence and searched it for money and other valuables; that they found hid away at different places in the cellar three quart tin cans sealed with wax each weighing about four pounds; that they were turned over to appellant, Mary L., before they were opened and none of the other children ever saw

them again; that she admitted she found five dollars in money in one of the cans and claimed that they were filled with old rags; that she opened the cans out of the presence of any other person and up to the time of this trial never told any one what she found in them. John Manlove, one of the brothers, testified to finding an old ballot box containing papers and that "we also found some cans, sister Laura said contained money"; that he was at her home on April first after the death of their mother and she said "there was not quite as much money in the cans as you said there was"; that appellee, Emery Manlove, was present on that occasion and obtained some money from appellant and her husband and Mary L. told Emery to take the money he got and pay George. George Manlove testified that appellee paid off a mortgage he held against him for $1,100 and some interest on April 14 following the death of their mother; that he turned the cans over to his sister and they were all about the same weight and made no noise when shaken. Appellant Mary L. testified that appellee obtained the money to pay a debt he owed his brother George who was pressing him for payment and that the money was paid him in cash by her husband in their house. When appellee was permitted to testify his evidence supported his contention as above stated. He also testified that when his mother came to his house she had a valise she carried with her; that when she got sick she turned the key to it over to him; that he and his sister, appellant, looked into it and it contained a large amount of paper money tied up in rolls; that after her death, his sister, Mary L., took charge of the valise and afterwards denied that it contained any money. He also testified that the paper money he received was musty. The evidence also showed there was litigation over the will of Margaret Manlove, and considerable enmity between appellant and her brothers.

In the recent case of *Miedreich* v. *Frye* (1908), 41

6. Ind. App. 317, 319, 83 N. E. 752, in discussing the court's discretion in hearing testimony it is said: "The solution of such question, whenever it arises, must depend upon the particular facts in each case." This we regard as the correct rule in determining whether the court in any case is justified in exercising the discretion given by the statute. It is not an arbitrary privilege granted the trial court, but nevertheless the statute is to be reasonably construed and applied to meet the particular ends of justice it was intended to subserve. The trial court sees the witnesses and has a better opportunity to draw correct inferences from the testimony than a court of appellate jurisdiction. In the case at bar there was some evidence, though remote and indefinite, tending to establish appellee's

5. defense to the note. Witnesses other than himself gave testimony tending to prove the note did not evidence the true date of the transaction. The use made of the money and the date of that transaction was significant. The long delay in trying to collect the note, in view of the strained relations of the parties is also a significant circumstance. The failure to list the note for taxation, the search for money immediately following the mother's death, and the remarks of appellant, Mary L., in connection therewith, when considered in the light of all the facts of the case would in all probability impress the trial court that the ends of justice would be subserved by the exercise of the discretion given by the statute. On the facts of this case we cannot say there was an abuse of the court's discretionary power. *Dearing* v. *Coulson* (1911), 48 Ind. App. 414, 96 N. E. 9. *Miedreich* v. *Frye, supra,* and *Williams* v. *Allen* (1872), 40 Ind. 295, are cited as conclusive upon the proposition that the court abused its discretion in calling appellee as a witness. In neither of these cases does it appear, as in this case, that the court held the witness incom-

petent, and then heard the testimony in the exercise of the discretion granted by the statute. The conclusion reached in each of those cases is doubtless right under the rule above announced and the discussion in regard to willing or unwilling witnesses is neither important nor controlling when applied to the facts of this case. In the case of *Williams* v. *Allen, supra,* it is said: "At all events, the court was not given to understand that the evidence was sought under the provision of the act," and in *Miedreich* v. *Frye, supra,* "It appears from the record that the plaintiff was called in his own behalf, and, over the objection of defendant, was permitted to testify in detail and at length as to his employment by the decedent." In *Jones* v. *Hirshberg* (1907), 40 Ind. App. 88, 79 N. E. 1058, it was held to be an abuse of discretion to hear parol evidence of the contents of a written instrument from the plaintiff in the case in order to make out her case, but the opinion states: "Whether the court, in the admission of evidence, exceeds its discretion, must depend upon the particular facts of a given case." Our conclusion is not inconsistent with the questions decided in the cases above mentioned. As bearing on questions involved in this case we cite: *Sheets* v. *Bray* (1890), 125 Ind. 33, 36, 24 N. E. 357; *Perrill* v. *Nichols* (1883), 89 Ind. 444, 446; *Dowden* v. *Wood* (1890), 124 Ind. 233, 237, 24 N. E. 1042; *Colt* v. *McConnell* (1888), 116 Ind. 249, 253, 19 N. E. 106; *Bragg* v. *Stanford* (1882), 82 Ind. 234, 237.

7. The assessment sheets were clearly competent evidence on the question of the ownership of the note.

The court might infer from the failure to list the note, that Calvin Myers did not claim to own the same and understood it did not evidence a debt due him. The assessment sheets were of some probative value on an issuable fact in the case. *Indiana, etc., Traction Co.* v. *Benadum* (1908), 42 Ind. App. 121, 124, 83 N. E. 261; *Ohlwine* v. *Pfaffman* (1913), 52 Ind. App. 357, 100 N. E. 777; *Towns* v. *Smith* (1888), 115 Ind. 480, 483, 16 N. E. 811.

American Fidelity Co. *v.* East Ohio, etc., Co.—53 Ind. App. 335.

No available error is shown by the record. Judgment affirmed.

Note.—Reported in 101 N. E. 661. See, also, under (1) 40 Cyc. 2263; (2) 40 Cyc. 2266; (3) 40 Cyc. 2338; (4) 40 Cyc. 2339.