## Ede Whitaker *versus* Benjamin Salisbury, Junior.

In an action upon the promissory note of a partnership, against the surviving part ner, it was *held*, that an indenture by which the plaintiff and the deceased partner, and another person, had covenanted to indemnify the surviving partner against al debts due from the partnership and against all actions brought against him by rea- son of such debts, was a bar to the action.

It appeared, in the same action, that the indenture, after being executed by the cov- enanters, was intrusted to the deceased partner, with authority to deliver it to the covenantee; but before such delivery the following indorsement was made on the indenture: " It is understood by the parties, that any errors in accounts, found on settlements, shall be rectified." This was signed by the two partners only, and was not under seal. It was *held*, that this indorsement was no part of the indenture, and did not affect the rights and liabilities of those covenanters who were not parties to it; and that the possession of one of the parts of the inden ture by the covenantee was *primâ facie* evidence of a due delivery, so as to throw upon the plaintiff the burden of proving that such possession was wrongful.

In the same action, the plaintiff contended, that if the deceased partner, at the time of the delivery to the covenantee, stated to him, that the indenture was put into his hands to be delivered only upon the performance of a condition, the presump tion of law would be, that the deceased partner received it on such condition, and that if it was intrusted to him upon condition, the presumption would be, that the terms of the condition were communicated to the covenantee. But it was *held*, that the burden of proof lay upon the plaintiff, to show that the indenture was put into the hands of the deceased partner on such condition, and that the terms of the condition were so communicated.

The plaintiff, in the same action, released the other covenanter, and offered him as a witness to prove that the indenture was put into the hands of the deceased partner upon such condition. It was *held*, that he was competent.

In proving the execution of a deed, the testimony of the subscribing witness cannot be dispensed with, if it can be procured; but if such witness fail to establish the execution of the deed, the party is not concluded by his testimony, but may prove the execution by other evidence.

It is not competent for a party calling the subscribing witness for the purpose of proving the execution of a deed, to impeach his general character for truth.

This was assumpsit against the defendant as surviving part- ner of the firm of Stimson & Salisbury, upon two promis- sory notes of the firm, one for $250, dated May 12, 1827, and the other for $100, dated January 1, 1828, both payable on demand.

The defendant pleaded, 1. the general issue, which was joined ; 2. an indenture, in bar, which was described in the plea ; to this plea the plaintiff replied *non est factum*, and issue was joined thereon.

At the trial, before *Morton* J., the defendant produced in evidence, under the second issue, an indenture, dated August 6, 1828, and executed by the plaintiff, Pearly Truesdell, the defendant and Austin Stimson, who was the other member of the firm of Stimson & Salisbury. By this indenture the defendant, for the considerations therein mentioned, assigned to A. Stimson all debts due to the defendant severally or jointly with A. Stimson, accruing by virtue of their copartnership, and also all the goods remaining unsold, with authority to recover and receive such debts, in the name of the defendant, out to his own proper use ; and the defendant covenanted with Stimson, that, if it should appear, that he, the defendant, or any person by virtue of any power derived from him, had received or discharged any of the debts supposed by them to be due and to remain unsettled on the partnership books, without the knowledge of A. Stimson, then, upon notice being given to him by A. Stimson, the defendant would, within twenty-one days after such notice, make a full satisfaction to A. Stimson for the same ; and he further covenanted, that he would not, at any time, do, or suffer to be done, any act, to impede the recovery of such debts by A. Stimson ; in consideration of which, A. Stimson, Truesdell, and the plaintiff covenanted with the defendant, that they would, within eight months from the date of the indenture, pay or cause to be paid to the defendant the sum of $530, and would on or before the first day of August next thereafter, procure for the defendant sufficient general releases from all the creditors of the firm, and would indemnify the defendant against all debts due from the partnership, and against all actions brought against him by reason of such demands. On the back of this indenture was the following indorsement : " N. B. It is understood by the parties, that any errors in accounts, found on settlements, shall be rectified." This was signed by A Stimson and the defendant, but was not under seal.

The defendant offered to prove the execution of the indenture on the part of Truesdell, A. Stimson, and the plaintiff, by proof of their handwriting. The plaintiff objected, on the ground, that Enos Stimson, the subscribing witness, was present. The defendant then stated, that E. Stimpson did

not witness the signing by them, but was only a witness to the signature of the defendant, and that he (the defendant) had no confidence in his testimony, and should impeach his character for truth, if compelled to produce him ; but the court ruled, that he must be called.   E. Stimson then testified, that he did not see either the plaintiff or Truesdell or A. Stimson sign the indenture, but that A. Stimson had the two parts of the indenture, purporting to be executed by them, and that the defendant signed it in his presence, and that he then signed his name as a subscribing witness.   Proof of the handwriting of A. Stimson, Truesdell, and the plaintiff was then admitted.

The defendant then offered to prove the delivery of the indenture, by evidence independent of the testimony of E. Stimson ; but it was ruled that this could not be done, until E. Stimson was first examined in relation thereto.   This ruling was excepted to by the defendant.

Upon the examination of E. Stimson, in relation to this subject, he testified, that the indenture was completed in his presence, and that his impression was, that the defendant took one part and A. Stimson the other.   The defendant declined examining the witness further.   The plaintiff then inquired of him, what circumstances attended the delivery, the plaintiff contending that this was cross-examination, and the defendant, that it was an examination in chief.   It was ruled, that the examination should proceed, and that this point should be left for the future decision of the Court.

The witness thereupon testified, that in August, 1828, A. Stimson told the defendant, that he had shown the plaintiff and Truesdell a statement of the partnership affairs, that they signed the indenture instruments and gave them to him to be delivered to the defendant on condition that Wyles and Stebbins should, after an examination of the books of the firm, be satisfied that such statement was correct, but not otherwise ; that the defendant and A. Stimson expressed themselves to be anxious to close the contract then ; that they accordingly made and signed the agreement indorsed on the indenture, and one part was delivered to the defendant, and the

other taken by A. Stimson ; but that neither the plaintiff nor Truesdell was present.

The plaintiff afterwards introduced evidence tending to show that Truesdell and the plaintiff had signed the instruments and intrusted them to A. Stimson on the condition mentioned by him to the defendant, as testified by E. Stimson.

The defendant was permitted to introduce evidence to impeach the character of E. Stimson for truth, though the plaintiff had confined his examination to the particulars above mentioned.

The plaintiff contended, that the indorsement on the indenture, having been made after the signing by Truesdell and the plaintiff and without their knowledge and previously to the delivery to the defendant, was a material alteration, and rendered the indenture void. This objection was overruled, on the ground that it formed no part of the indenture, and had no effect upon it.

The plaintiff then contended, that inasmuch as the subscribing witness testified that the defendant took the instrument with the knowledge that he received it in violation of the condition upon which it was put into A. Stimson's hands, the possession of the instrument was not *primâ facie* evidence of a delivery, so as to throw upon the plaintiff the burden of proving that such possession was wrongful. This position was also overruled.

The plaintiff further contended, that if the instrument was put into A. Stimson's hands upon such condition, the presumption of law would be, that the terms of the condition were communicated to the defendant, when he received the instrument, and that, even if they were not so communicated, the delivery would not be valid. He also contended, that if A. Stimson, at the time of the delivery, stated to the defendant, that he held the instrument on condition, the presumption would be that he received it upon condition, agreeably to his statement. But it was ruled, that neither of these presumptions would arise, and that the plaintiff must prove that the instrument was put into A. Stimson's hands on condition, **and** that such condition was communicated to the defendant

For this purpose, the plaintiff offered Truesdell as a witness, and he was admitted upon being released by the plaintiff, the defendant objecting, on the ground, that there were debts outstanding against the firm of Stimson & Salisbury, one of which, although contested by A. Stimson, was proved, and that if the defendant were required to pay them, he would rely on the indenture for his remedy.

The plaintiff further contended, that the execution of the indenture, even if proved, would not operate as a bar to the action. But the court ruled, that it would be a bar.

To these decisions and directions the plaintiff excepted.

It appeared, that no examination of the books had ever been made by Wyles and Stebbins. A. Stimson died insolvent, leaving no estate in the commonwealth to be administered upon ; and no administrator has ever been appointed.

The jury found a verdict for the plaintiff, on the first issue, and for the defendant, on the second.

Judgment of nonsuit or default was to be rendered, or a new trial granted, or such other course pursued in relation to the action, as the Court, upon consideration, should determine.

*Sept. 27th.*    *Wells* and *Chapman*, for the plaintiff. The defendant having offered E. Stimson as a witness, to prove the execution of the indenture, he is not to be allowed to impeach his general character for truth ; he may disprove any of his statements. *Brown* v. *Bellows*, 4 Pick. 179 ; 1 Stark. on Evid 147, 330. The subscribing witness is selected by both parties for the purpose of proving the execution of the instrument, with the understanding that if the transaction becomes a subject of investigation, he is to be relied on ; and it is a violation of contract to impeach his character for truth. The infamy of a subscribing witness. might be perhaps a reason for not calling him at all, but it would be absurd to call him, and then to impeach him.

The indorsement on the indenture became a part of the instrument, and it was, therefore, a material alteration. 2 Jac Law Dict. *Deed*, 3 ; *Lyburn* v. *Warrington*, 1 Stark. R. 162 ; *Emerson* v. *Murray*, 4 New Hamp. R. 171 ; 2 Stark on Evid. 476

There is no doubt that the possession of an instrument by the obligee is *primâ facie* evidence of its due delivery ; but in this case, the circumstances show a fraud on the part of the defendant, and rebut the presumption of a due delivery.

The instrument was put into the hands of A. Stimson, with authority to deliver it upon condition ; and the presumption would be, that he communicated the terms to the defendant. A special agent is bound to pursue his authority in form, as well as in substance. *Banorgee* v. *Hovey*, 5 Mass. R. 11.

The indenture was delivered to A. Stimson as an escrow, and not as a deed ; and as the defendant obtained possession of it, without the performance of the condition, the plaintiff may avoid it by pleading *non est factum*, even if the defendant was ignorant of the condition. *Wheelwright* v. *Wheelwright*, 2 Mass. R. 447 ; *Woodman* v. *Coolbroth*, 7 Greenl. 181 ; 2 Bl. Comm. 307 ; *Hatch* v. *Hatch*, 9 Mass. R. 307 ; Viner's Abr. *Fait*, *N. a.* 3, *pl.* 1, 3, 8.

The indenture, even if proved to be the deed of the plaintiff, is not a bar to this action, and therefore the plaintiff is entitled to judgment *non obstante veredicto*. Is this indenture to be construed as a release by the plaintiff ? It can be a release, only if considered as a covenant not to sue. A covenant not to sue a *sole debtor* is a release, to avoid circuity of action ; but a covenant not to sue one of several debtors is not a release. *Fowell* v. *Forrest*, 2 Wms's Saund. 48, note ; *Tuckerman* v. *Newhall*, 17 Mass. R. 581 ; *Shed* v. *Pierce*, ibid. 628 ; *Parker* v. *Holmes*, 4 New Hamp. R. 97 ; *Harrison* v. *Close*, 2 Johns. R. 448. This indenture, therefore, was originally not a release ; and it cannot become such by the death of Austin Stimson, an event over which the plaintiff could have no control. Besides, if this indenture was a release, it was an extinguishment of the entire claim of the plaintiff against the firm, which was not the intention of the parties.

Truesdell was a competent witness. 2 Stark. on Evid. 745 ; *Evans* v. *Eaton*, 7 Wheat. 425 ; *Evans* v. *Heltich*, ibid. 453. Whichever way the verdict might be in this action, it would not affect him.

*G Bliss* and *L. Child*, for the defendant. It was compe-

tent for the defendant to impeach the testimony of E. Stim-son.   1 Stark. on Evid. 147 ; 3 Stark. on Evid. 1692, 1693 ; *Lowe* v. *Jolliffe*, 1 W. Bl. 365 ; *The King* v. *Har-ringworth*, 4 Maule & Selw. 393 ; *Hudson's case*, Skinner, 79 ; *Rice* v. *Oatfield*, 2 Str. 1096 ; *Goodtitle* v. *Clayton*, 4 Burr. 2224 ; *Sigfried* v. *Levan*, 6 Serg. & Rawle, 308 · *Burrowes* v. *Lock*, 10 Ves. 474 ; Buller's N. P. 297 ; *Brown* v. *Bellows*, 4 Pick. 179.   These cases show that a subscrib-ing witness may be contradicted by the party calling him ; and there is no more reason for allowing his evidence to be con-tradicted, than there is for allowing his character to be im-peached.   The reason given for the rule, that a party shall not discredit his own witness, is, that it would be unfair that he should have the benefit of the testimony if favorable, and be able to destroy its effect if the contrary ; but that reason will not apply in this case, as we stated to the jury that we should impeach his character, if obliged to call him.

It is said, that the subscribing witness is selected by both parties ; if so, then either party may impeach his character. 1 Stark. on Evid. 330 ; *The King* v. *Harringworth*, 4 Maule & Selw. 354 ; Brooke, *tit. Testmoignes.*

The indorsement on the indenture is not a part of the in strument, and so not an alteration affecting its validity ; but admitting that it is a part, it binds only A. Stimson and the defendant, by whom only it was signed ; and therefore is not a material alteration as respects the plaintiff.   *Doe* v. *Bing ham*, 4 Barn. & Ald. 672.

As to the burden of proof, it is held in *Ward* v. *Lewis*, that where a deed, regularly executed, is found in the hands of the grantee, this is *primâ facie* evidence that t was *duly* delivered.   The burden of proof, therefore, is on the plain-tiff, to show that this indenture was not so delivered.   The plaintiff says, that the effect of the possession of the inden-ture was done away with by the evidence tending to prove fraud on the part of the defendant ; then the party imputing fraud must take the burden of proof.   It is said by the plain tiff, that as A. Stimpson was not authorized to deliver the instrument except on a condition being performed, it is to be presumed that he communicated the terms of the condition to

.he defendant. We have as good a right to say that the defendant would not have received it unless it was properly delivered. The presumptions are too remote

Parol evidence is inadmissible to show that the instrument was to be delivered on a condition ; and the plaintiff should not be allowed to show that the defendant had notice of the condition, till it is proved, that it was intrusted to A. Stimson conditionally. *Ward* v. *Lewis*, 4 Pick. 518.

This instrument could not have been delivered to A. Stimson as an escrow ; for he was a party ; and an escrow can only be delivered to a third person. *Ward* v. *Lewis*, 4 Pick. 520.

The indenture is a bar to the action, to prevent circuity of action. *Dean* v. *Newhall*, 8 T. R. 168 ; *Sewall* v. *Sparrow*, 16 Mass. R. 24 ; *Perkins* v. *Gilman*, 8 Pick. 230 ; Bac. Abr. *Covenant*, *L*, and *Release*, *A*, 2 ; *Gibson* v. *Gibson*, 15 Mass. R. 112 ; *Cuyler* v. *Cuyler*, 2 Johns. R. 186. It is said, that it is not a bar, because the notes in question were originally the joint notes of A. Stimson and the defendant, and a covenant not to sue one of two joint contractors is not a release ; but this is only where both are sued ; if he were sued alone the law would be different. *Shed* v. *Pierce*, 17 Mass. R. 628. In this case, as A. Stimson is dead and the defendant is sued as the surviving copartner, it is the same as if the defendant were originally the sole debtor.

The testimony of Truesdell is incompetent, on the ground of interest. If the indenture is sustained, the defendant may sue Truesdell and the plaintiff, on their agreement to indemnify him. It is for Truesdell's interest therefore to show, that the indenture is void. *Outram* v. *Morewood*, 3 East, 436. If the defendant should sue Truesdell and the plaintiff on their agreement, and the plaintiff should succeed in his defence in consequence of the verdict in the present case, judgment would be entered up for Truesdell, as well as for the plaintiff. *Champlin* v. *Tilley*, 3 Day, 306 ; *Hickmot's case*, 9 Co. 53.

PUTNAM J. delivered the opinion of the Court. The verdict was for the defendant upon the issue of *non est factum* ; but the plaintiff moved for a judgment upon the issue

of *non assumpsit*, which was found in his favor, notwithstand
ing the verdict for the defendant upon the issue of *non est
factum*.    If the indenture were legally proved to be the deed
of the plaintiff, yet if it was not a good bar to the action, the
issue joined upon it would be immaterial, and the plaintiff
would be entitled to judgment *non obstante veredicto ,* but
otherwise it should be given for the defendant.    We have
therefore considered and determined the question touching the
legal operation of the indenture, if it were legally proved to
be the deed of the plaintiff.

Whitaker, contrary to his covenant, has sued this action to
recover of Salisbury, the money due upon two notes of Stim-
son & Salisbury.    If Whitaker should recover against Sal-
isbury, Salisbury would immediately have a right of action
against Whitaker and Truesdell, the surviving covenantors,
to recover back the money ; and the judgment, though joint,
might be levied on Whitaker alone.

We are all clearly of opinion, that Whitaker is rebutted by
his covenants of indemnity in his deed.    The law will not
allow such a circuity of action as would result from a contra-
ry decision upon this point.    It appears that substantially the
matter in dispute is between Whitaker and Salisbury ; be-
cause Whitaker has released Truesdell from all claim for
contribution upon the indenture ; so that if Whitaker should
pay the whole money back to Salisbury, no part of it could
be recovered by him from Truesdell ; and it is agreed that
Austin Stimson is dead, and his estate insolvent.    The in-
denture therefore, if legally proved to be the deed of Whita-
ker, is considered by the Court as a good bar to this action.

We are of opinion, that the writing on the back of the in-
strument, indorsed after it was executed by Whitaker and
Truesdell, was no part of the deed.    It was an agreement
which affected only Austin Stimson and Salisbury, who sub-
scribed it.    It was not sealed, and it made a provision which
the law would imply without any express agreement, viz. that
the errors in the accounts which should be thereafter ascer-
tained, should be rectified.    We think it did not affect the
rights or liability of Whitaker or of Truesdell.

And the ruling of the judge was correct, that the possession

of the instrument was *primâ facie* evidence of the delivery, so as to throw upon the plaintiff the burden of proving that this possession was wrongful. We think, that neither of the presumptions, which were set up by the plaintiff and stated in the report, arose in such manner as to relieve the plaintiff from the burden of proving that the instrument was put into Stimson's hands on condition, and that the condition was communicated to Salisbury.

It was contended by the defendant, that the evidence given by Truesdell, tending to disprove the delivery of the deed, was inadmissible, because it was for his interest to destroy the deed. But it may be that the indenture was the deed of Whitaker notwithstanding it may not have been delivered by Truesdell. If Truesdell should give evidence to satisfy the jury that Whitaker did not deliver the deed, and the plaintiff should recover, and Salisbury should sue Whitaker and Truesdell upon their covenants of indemnity, the verdict in *this* case could not be evidence in *that.* So we think that so far as it regards the evidence given by Truesdell, disproving the deed on the part of Whitaker, it would be an interest in the question, rather than an interest in the event of this cause. The verdict (as has been observed) would not be evidence for Truesdell, if he were sued by Salisbury upon the indenture. Whitaker, and not Truesdell, is a party to this suit and record.

But there is another view in which this question may be considered. Truesdell is called by the plaintiff. Now if the witness should prove that the deed was delivered by Whitaker, it would be a good bar to this action. If the deed be established, the plaintiff could not recover ; and the supposed liability of Truesdell to Salisbury would be destroyed, inasmuch as Salisbury would have no cause of action against Truesdell, unless the plaintiff recovered. It would be for his interest, in this action, to prove the execution and delivery of the deed by the plaintiff. But the plaintiff calls him to disprove it. If he should testify as the plaintiff desires, it would be evidence against his interest. We think the judge did right to admit his testimony.

It was contended by the defendant, that, inasmuch as Enos

Whitaker
*v.*
Salisbury

Stimson junior (whose name appears upon the indenture as a subscribing witness) did not see Whitaker and Truesdell and Austin Stimson execute it, but only saw the defendant execute it, and inasmuch as the defendant had no confidence in the testimony of Enos Stimson junior, therefore he ought by law to be permitted to prove the handwriting of the other parties to the deed. But we all think that the rule requiring the testimony of the subscribing witnesses to deeds, if to be procured, cannot be dispensed with. What, it is to be presumed from their having subscribed as witnesses, they would testify if called, cannot be supplied by the statement of the other party, or by evidence of the handwriting of the parties charged. *Non constat* from the indenture, produced by the defendant himself, but that the witness did see all the parties execute the same. The party who would establish a deed, must lay his groundwork by the production of the subscribing witnesses, if their testimony can be obtained. If they fail to establish the execution of it, the party who thus calls them, by a positive rule of the law, is not to be concluded by their testimony ; but will be permitted to establish the fact by other evidence. " It would be contrary to justice, that the treachery of a witness should exclude a party from establishing the truth by the aid of other testimony." 1 Stark. on Evid. 147. We all think, that the judge was right in requiring the defendant, who desired to set up the deed, to call the subscribing witness, (who was present in court,) before the introduction of any other evidence to prove the deed.

The next question for consideration is, whether the defendant had a right to impeach the general character for truth, of the witness, who was called by the defendant. This question was considered as settled in the case of *Brown* v. *Bellows*, 4 Pick. 194. It has been contended however for the defendant, that there is no more reason for disproving or contradicting the particular evidence, which a witness may have given, by the party who called him, than there is for impeaching his general character. The objection is more ingenious than solid. If a party, who calls a witness to prove a particular fact, be disappointed in the result of the testimony, it is competent for him to prove the fact by other testimony.

3 Stark. on Evid. 1692, and the cases cited by defendant. It may be that the party who calls the witness has been mis-informed, and that the witness testified truly, although not according to the expectation of the party who called him, and therefore the testimony of another witness, establishing the fact which the party attempted to prove by the first witness, may be true and perfectly consistent with the veracity of the first witness. It does not necessarily follow, that there was perjury committed by the first witness. The fact is to be established by competent evidence ; and it would be evidently a rule that would operate with great injustice, that a party calling a witness should be bound by the fact which was sworn to. No one would contend for a rule so inexpedient. But when a party calls a witness whose general character for truth is bad, he is attempting to obtain his cause by testimony not worthy of credit. It is to some extent an imposition upon the court and jury. The law will not suppose, that a party will do any such thing ; but will rather hold the party calling the witness, to have adopted and considered him as credible. If this were not so, it would be in the power of any party merely by putting a witness upon the stand, to blacken and defame his general character for truth, whenever the evidence should fall short of what was wanted.

We all think there must be a new trial, because the defendant, who called the subscribing witness, was allowed to offer evidence to impeach his general character for truth