# Alabama Coal & Coke Co. *v.* Gulf C. & C. Co.

## *Ejectment.*

(Decided Feb. 3, 1910.  51 South. 570 )

1. *Escrow; Delivery to Grantee; Delivery to Agent.*—It is a general rule that a delivery of a deed in escrow cannot be made to the grantee in the deed; this is also true as to a delivery to an agent of the grantee.

2. *Same.*—Although the agent of the grantee was the land purchasing agent of such grantee, a deed may be delivered in escrow to such an agent, where the grantor makes the agent his agent to hold the deed until the purchase price is paid, since the agent violated no duty to his principal in accepting the deed.

3. *Ejectment; Equitable Estoppel.*—The doctrine of equitable estoppel has no application to an action in ejectment.

4 *Evidence; Parol; Delivery of Deed.*—Parol evidence is admissible to show that a deed in the possession of a grantee was not delivered.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

[Alabama Coal & Coke Co. v. Gulf C. & C. Co.]

Ejectment by the Alabama Coal & Coke Company against the Gulf Coal & Coke Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Plaintiffs claim title through deed from one Peters, who claimed title from Key. The defendants claim title through Musgrove, and from Key to Musgrove. It was undisputed that Key made a deed to Peters, which in some manner got upon the records. It was shown that this deed was delivered by Key to Hancock, who was purchasing land for Peters, with the agreement and understanding that it would not be delivered to Peters until the purchase price was paid, and it was shown that that had not been done. It was further shown that Hancock told Musgrove of the Key deed, but told him that the conditions had not been complied with, and that the deed had not been delivered to Peters because thereof, and that the deed was dead. It further appears that at the time Musgrove took the Key deed he did not know of the fact that the deed from Key to Peters was recorded, and that when he conveyed to defendant he was not aware of that fact. The court found these, among others, to be the facts, further finding that the delivery to Hancock was in escrow, and that there was never a delivery to Peters, and rendered judgment for defendant.

SMITH & SMITH, and ACUFF & COONER, for appellant. —Counsel insist that the cases cited and relied on by the court in the case of *Gulf C. & C. Co. v. Ala. C. & C. Co.*, 145 Ala. 228, do not sustain the court in the point decided, and counsel undertakes to point out wherein they may be differentiated.

DAVIS & FITE, and BROOKS & STOUTZ, for appellee.— This case might be properly decided on the authority

of *Gulf C. & C. Co. v. Ala. C. & C. Co.*, 145 Ala. 228. A delivery in escrow may be made to an agent of the grantee where the grantee makes such agent his agent to hold the deed pending the payment of the purchase money.—*Ashford v. Pruett*, 102 Ala. 274; *Cherry v. Herring*, 83 Ala. 458; 16 Cyc. 561. If delivered to Hancock in escrow, it could not become operative until the performance of the condition.—16 Cyc. 576-579; 13 N. J. E. 457; 57 Ala. 437; *Tar Water v. Goin*, 140 Ala. 275; *Hayes v. Southern H. B. & L. Assn.*, 124 Ala. 663. Equitable estoppel has no application to an ejectment suit.—*Mylam v. Coley*, 144 Ala. 535.

ANDERSON, J.—The general rule is that the delivery of a deed to the grantee or his agent cannot be a delivery in escrow.—*Shelby v. Tardy*, 84 Ala. 330, 4 South. 276; *Cherry v. Herring*, 83 Ala. 458, 3 South. 667. A delivery to the agent or attorney of the grantee has the same effect as a delivery to the grantee personally, and a deed so delivered cannot be an escrow. "Where a perfectly executed deed of release is delivered to a known agent of the releasee, it is in law a delivery to the principal; and it is immaterial by what verbal stipulations or conditions its delivery was accompanied, as to its operation after delivery, it will, notwithstanding, be operative from its delivery. It is not, however, an inevitable conclusion that the mere delivery of manual possession is a valid delivery of the deed. If the acceptance of an agency from both parties will involve no violation of duty to either, the releasor may make the agent of the releasee his own agent for the purpose of holding the deed as an escrow, and returning to him in case a stipulated condition is not performed. The rule that a delivery to an agent of the grantee is equivalent to a delivery to the grantee himself would not apply in such a

[Alabama Coal & Coke Co. v. Gulf C. & C. Co.]

case, because there is not that personal identity between the releasee and his agent, upon which the reason for the rule depends. A grantor may make the agent of the grantee, it is conceded, his own agent for the purpose of holding and returning it to him in case a condition agreed upon is not performed."—Devlin on Deeds, vol. 1, § 316; *Ashford v. Prewitt,* 102 Ala. 264, 14 South. 663, 48 Am. St. Rep. 37; *Cincinnati R. R. v. Iliff,* 13 Ohio St. 235; *Sou. Ins. Co. v. Cole,* 4 Fla. 359; *Price v. Pittsburg Co.,* 34 Ill. 13; *Watkins v. Nash,* L. R. 20 Eq. 262; *Wier v. Batdorf,* 24 Neb. 83, 38 N. W. 22.

The proof in the case at bar shows that, notwithstanding Hancock was the purchasing agent of Peters, the grantor, Key, made him his agent to hold the deed until he got the purchase money from Peters, and to return the deed in case Peters did not send him the purchase money. Nor could the performance of this act on the part of Hancock involve a violation of duty owing from him to Peters. He did not undertake to get lands· or deeds from people for Peters for nothing. He was employed by Peters to purchase land, and the undertaking by him to hold Key's deed as an escrow until the pur- chase money was paid by Peters was in perfect harmony and consistency with the duty he owed Peters and called for the violation of no duty he owed his first principal, the grantee. In the case of *Ashford v. Pruitt, supra,* the condition upon which the deed was delivered to Moore was in writing, and the court expressed relief over not having to rely upon oral testimony in arriving at Mrs. Ashford's intention in delivering the paper to Moore; but we do not understand that the court held or intimat- ed that a ,writing was essential to establish an escrow. On the other hand, it was held that, notwithstanding Moore was the attorney of the grantee, Mrs. Ashford had the right to constitute him her agent to hold the

deed conditionally, and that it operated as a legal delivery in escrow.

Parol evidence is admissible to show that a deed in the possession of a grantee was not delivered. The principle that parol evidence is not admissible to contradict a deed has no application to a case of this kind. "There is a distinction to be drawn between a case where evidence is offered for the purpose of showing a deed was not to be delivered until the performance of some condition precedent and a case where it was actually delivered with an agreement that the condition was to be performed. In the former case the object of introducing such testimony is to show that the instrument was never legally delivered, and that, consequently, it never possessed any vitality. In the latter, the effect of the evidence would be to contradict a written instrument which is absolute upon its face, by showing in opposition to its terms that it was conditional and not absolute."—1 Devlin on Deeds, § 205, and cases cited in note.

Whether the case of *Gulf Coal & Coke Co. v. Alabama Coal & Coke Co.,* 145 Ala. 228, 40 South. 397, is or is not sound in holding there was no equitable estoppel, or that the plaintiffs in this case could not be bona fide purchasers, we need not determine, as the equitable estoppel contended for by the appellant is not available in this action of ejectment.—*Milam v. Coley,* 144 Ala. 535, 39 South. 511; *Vankirk v. Green,* 132 Ala. 348, 31 South. 484.

The judgment of the law and equity court is affirmed. Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.