## STOREY v. STOREY.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1914.)

No. 2009.

1. CONTRACTS (§ 42*)—EXECUTION—"DELIVERY."

"Delivery," as an essential element of the execution of a written contract, is a composite act, consisting of both a manual transfer, actual or constructive, and an operation of minds intending to enter into the contract. In the law of commercial paper between the original parties the animus contrahendi is the predominant element.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 207–214; Dec. Dig. § 42.*

For other definitions, see Words and Phrases, vol. 2, pp. 1958–1970; vol. 8, p. 7632.]

2. EVIDENCE (§ 462*)—PAROL EVIDENCE—WRITTEN CONTRACT—BILLS AND NOTES.

Gen. Code Ohio, § 8121, provides that every contract on a negotiable instrument is incomplete and revokable until delivery, and as between the immediate parties the delivery, in order to be effectual, must be made either by or under the authority of a party making, drawing, accepting, or indorsing, as the case may be, and in such case the delivery may be shown to have been conditional or for a special purpose, and not to transfer the property in the instrument. Held, that such section is but a codification of the general law; and hence, where a father sued his son on certain notes, the son was entitled to prove by parol that the notes were not delivered with intent to create a debt in favor of the father, but merely to evidence advancements made by the father to the son to enable him to secure a medical education.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2134–2139; Dec. Dig. § 462.*]

3. CONTRACTS (§ 42*)—DELIVERY—POSSESSION OF WRITTEN INSTRUMENT.

Want of intent to make a contract in presenti deprives the physical possession of the paper of its prima facie force as evidence of a legal delivery; and, if there is a secondary condition on the performance of which the writing is to become a contract, that fact is immaterial except as it may obviate the effect of the primary condition.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 207–214; Dec. Dig. § 42.*]

4. GIFTS (§ 47*)—TRANSFER FROM FATHER TO SON.

Transfers of money from a father to a minor son cannot create debts, and a transfer from a father to an adult son may, but only by an ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

press agreement to that effect, create a debt; the presumption being that such transfers are irrevocable gifts, either never to be accounted for or as advancements.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 81–86; Dec. Dig. § 47.*]

5. GIFTS (§ 49*)—BY PARENT TO CHILD—EVIDENCE.

Where, in a suit by a father against his son on certain notes, the son denies delivery of the paper as a binding obligation, proof or an admission by the son that on the date of the paper the father paid to him a sum of money equal to that named in the paper raises no inference of an intent to create the relationship of debtor and creditor between them.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

In Error to the District Court of the United States for the Western District of Wisconsin; Arthur L. Sanborn, Judge.

Action by William Storey against Carroll L. Storey. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Ole J. Eggum, of Whitehall, Wis., and L. W. Storey, of Toledo, Ohio, for plaintiff in error.

Gustavus Ohlinger, of Toledo, Ohio, and S. T. Swansen, of Madison, Wis., for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Defendant in error, plaintiff below, alleged that he was the owner and holder of 22 promissory notes, past due and unpaid, executed by defendant.

Defendant answered, in substance, that he is a son of plaintiff; that in 1900 at his father's home in Ohio they entered into an agreement that his father should give him a medical education by making from time to time as requested gifts of money as advancements in anticipation of his share of his father's estate and that upon receiving the advancements he should give into the possession of his father papers in the form of promissory notes for the special and sole purpose of evidencing the amount of the advancements, and that his father should receive and hold and use the papers only as such evidence; that from time to time sums of money were given by his father and accepted by him as advancements and not otherwise; and that he gave and his father received the manual possession of the papers, sued on as promissory notes, for the purpose of evidencing the amount of said advancements and not otherwise.

[1] Plaintiff's demurrer to this answer was sustained, and judgment for $3,520 followed.

Judgment was rendered by applying to the admitted facts the rule that parol evidence is inadmissible in an action at law to contradict the terms of promissory notes as written contracts of debt. As the parol evidence rule is indisputable, the error was in the application. And probably nowhere is the basis of the error more clearly and simply stated than in Pym v. Campbell, 6 El. & Bl. 370:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible."

Delivery is an act. Whether the act has been accomplished cannot be told by reading the paper. Therefore, when a declaration on a written contract is met by a plea of no contract, the application of the rule against varying the terms of a written contract by parol to the inquiry whether there is a contract, is a plain begging of the question, is a tour de force assumption of the very issue to be solved.

Delivery is a composite act. There must be both a manual transfer, actual or constructive, and an operation of minds intending to enter into the contract. In the ages-old strife for predominance between objective or external and subjective or internal measurements of conduct, evolution has been away from symbolism toward the inner truth. And in the law of commercial paper, between the original parties, the animus contrahendi has become the predominant element. This is shown by a provision of the Uniform Negotiable Instruments Act, which as been adopted in nearly all of the states.

[2] Section 16 of that act, in force in Ohio since January 1, 1903 (Ohio Code, § 8121), reads as follows:

"Every contract on a negotiable instrument is incomplete and revokable until delivery of the instrument for the purpose of giving effect to it. As between immediate parties, and as regards a remote party, other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of a party making, drawing, accepting, or indorsing, as the case may be. In such case, the delivery may be shown to have been conditional, or for a special purpose, and not for the purpose of transferring the property in the instrument. But when the instrument is in the hands of a holder in due course, a valid delivery of it by all parties prior to him, so as to make them liable to him, is conclusively presumed."

Plaintiff by his demurrer admits that in truth the pretended notes are "incomplete" because there was no "delivery for the purpose of giving effect" to them as contracts of debt, and because the manual transfer was "for a special purpose and not for the purpose of transferring the property in the instruments."

Several of the papers were signed and manually transferred prior to January 1, 1903. But we apply the same rule to them all, for in our opinion section 16 of the Negotiable Instruments Act is merely a codification of the general law in that respect as established by preponderant and sound authority. Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; Michels v. Olmstead, 157 U. S. 198, 15 Sup. Ct. 580, 39 L. Ed. 671; White v. Kahn, 103 Ala. 308, 15 South. 595; Alabama Coke & Coal Co. v. Gulf Coal & Coke Co., 165 Ala. 304, 51 South. 570; Scaife v. Byrd, 39 Ark. 568; Drinkwater v. Hollar, 6 Cal. App. 117, 91 Pac. 664; Denver Brewing Co. v. Barets, 9 Colo. App. 341, 48 Pac. 834; Schindler v. Muhlheiser, 45 Conn. 153; McFarland v. Sikes, 54 Conn. 250, 7 Atl. 408, 1 Am. St. Rep. 111; Hartman Stock Farm v. Henley, 8 Ga. App. 255, 68 S. E. 957; Dowden v. Wood, 124 Ind. 233, 24 N. E. 1042; Hager v. Sidebottom, 130 Ky. 687, 113 S. W. 870; Leppoc v. National Union Bank of Mary-

land, 32 Md. 136; Whitaker v. Salisbury, 32 Mass. (15 Pick.) 534; Ruggles v. Swanwick, 6 Minn. 526 (Gil. 365); Barrett v. Davis, 104 Mo. 549, 16 S. W. 377; Roberts v. Jackson, 1 Wend. (N. Y.) 418; Juillard v. Chaffee, 92 N. Y. 529; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; Waters v. Security Life & Annuity Co., 144 N. C. 663, 57 S. E. 437, 13 L. R. A. (N. S.) 805; Morris v. Faurot, 21 Ohio St. 155, 8 Am. Rep. 45; Hudson v. Wolcott, 39 Ohio St. 618; Branson v. Oregonian Ry. Co., 11 Or. 161, 2 Pac. 86; Koester v. Northwestern Port Huron Co., 24 S. D. 546, 124 N. W. 740; Wheeler & Wilson Mfg. Co. v. Briggs (Tex.) 18 S. W. 555; McCartney v. McCartney, 93 Tex. 359, 55 S. W. 310; Webster v. Smith, 72 Vt. 12, 47 Atl. 101; Curry v. Colburn, 99 Wis. 319, 74 N. W. 778, 67 Am. St. Rep. 860.

Many of the foregoing authorities have to do with other purported written contracts than promissory notes; but, inasmuch as we believe that the rules peculiar to commercial paper are concerned only with the travel of negotiable instruments along the ways of commerce as "couriers without luggage," we conclude that all the cases are applicable between the original parties in support of the plea of no contract when alleged promissory notes are counted on, as fully as when other forms of contract are involved.

Plaintiff argues that, because the answer discloses that the papers in the form of promissory notes were to have some effect, the notes must be given effect according to their terms. That assumes that the purported notes are in fact notes, and is merely another way of begging the same question. The answer shows that the papers were passed with the mutual intent and for the sole purpose of being held as evidence of the amounts of advancements. Receipts are not contracts.

[3] While plaintiff ultimately concedes that there may be cases where the truth respecting delivery of a purported written contract may properly be discovered by parol evidence, the contention is made' that this is permissible only where the manual transfer was on condition that the writing should become effective on the happening of some event. And Burke v. Dulaney, supra, is instanced as of that class. But in Michels v. Olmstead, supra, the paper of Olmstead alone was signed by him and manually transferred on condition "that in no event should the (alleged) contract bind Olmstead individually." A plea of no contract is a negative defense. It is not necessary for the defender to show affirmatively what was the purpose of the manual transfer, except possibly as corroborative evidence of the primary condition that the transfer was "not for the purpose of transferring the property in the instrument." That primary condition of want of intent to make a contract in presenti deprives the physical possession of the paper of its prima facie force as evidence of a legal delivery. If there is a secondary condition on the performance of which the writing is to become a contract, that fact is immaterial, except as it might obviate the effect of the primary condition, for the reason that the holder would then be relying on something more than the initial possession and its prima facie consequences. His rights, if any ever accrued, would date

and flow from the subsequent transaction. The only way to escape the universality of the right between the original parties to establish by parol the facts respecting legal delivery, is, as was suggested in Burke v. Delaney, supra, to hold:

"That the mere possession of a written instrument, in form a promissory note, by the person named in it as payee, is conclusive of his right to hold it as the absolute obligation of the maker."

This matter of advancements, in which papers in the form of promissory notes were given and received merely to evidence the amounts, is not new. In every such case the primary condition was that the papers were never to come into existence as contracts of debt. And there was no secondary condition through which they could ever have life. Peabody v. Peabody, 59 Ind. 556; Harris v. Harris, 69 Ind. 181; Bragg v. Standford, 82 Ind. 234; Buscher v. Knapp, 107 Ind. 340, 8 N. E. 263; Brook v. Latimer, 44 Kan. 431, 24 Pac. 946, 11 L. R. A. 805, 21 Am. St. Rep. 292; Hicks v. Hicks, 29 Ohio Cir. Ct. R. 628, affirmed without opinion in 76 Ohio St. 575, 81 N. E. 1187; Garner v. Taylor (Tenn.) 58 S. W. 758. In Weaver v. Fries, 85 Ill. 356, and Schmidt v. Schmidt's Estate, 123 Wis. 295, 101 N. W. 678, a contrary result was reached by assuming the point at issue, namely, legal delivery, and then saying that the written contracts could not be contradicted by parol.

[4, 5] These advancement cases are merely instances of the general rule. While the rule, as a rule, is the same between father and son as between strangers, the application of it ought to be much easier for the triers of fact and for the court in instructing them. Transfers of money from father to minor son cannot create debts. Transfers from father to adult son may; but only by an express agreement to that effect. Presumptively such transfers are irrevocable gifts, either never to be accounted for or only as advancements. So when a father sues his son on an alleged promissory note, and the son denies the delivery of the paper as a binding obligation, proof or an admission by the son that on the date of the paper the father turned over to the son a sum of money equal to that named in the paper raises no inference of an intent to create the relationship of debtor and creditor.

In this case the facts pleaded in the answer constitute a defense of no contract. Three aspects are apparent, but they all merge into the one defense. No contract, because no legal delivery. Nothing but a nudum pactum, because an irrevocable gift cannot, by a one-sided intent and act, be converted into the consideration for a contract of debt. And if plaintiff's original intent is to be gauged by his present attitude, even the physical possession of the paper was obtained by fraudulent representations.

The judgment is reversed for further proceedings consentaneous to this opinion.

SEAMAN, Circuit Judge. I concur in the conclusion for reversal, but would rest the decision upon these grounds: First, that the Ohio statute referred to is controlling as to all the notes issued thereunder

and authorizes the defense set up by the defendant; second, that the decisions in Burke v. Dulaney and Michels v. Olmstead, supra, are applicable to sanction the defense in respect of the notes in suit issued prior to January 1, 1903, and require like ruling in the case at bar.