Ex parte LALIME et al.

Ex parte McKAY.

(District Court, D. Massachusetts. May 11, 1917.)

No. 1508 Civil.

1. ALIENS ⬤⟞54—DEPORTATION—PROCEEDINGS.

In so-called warrant cases, where the alien has been admitted, and the question is as to his right to remain, the board of special inquiry performs two functions: It takes evidence, much like a commissioner in equity, and makes up a record which is sent to the Secretary of Labor for his decision; and it makes findings on the evidence and recommendations as to the proper disposition of the case, which are also transmitted to the Secretary.

2. ALIENS ⬤⟞54—DEPORTATION—PROCEEDINGS.

Where the board of special inquiry, which heard the evidence in a proceeding for deportation of aliens admitted to the country, was guilty of intentional unfairness to the aliens, and the Secretary of Labor, without knowledge of that fact, adopted the findings of the board, such unfairness invalidates an order for the deportation of the aliens.

3. ALIENS ⬤⟞54—DEPORTATION—RIGHT TO COUNSEL.

In proceedings for the deportation of aliens already admitted to the country, before a board of special inquiry, the board denied the aliens the right to counsel until practical completion of the examination, when they were satisfied that the aliens should be deported. Thereafter, when the board had already determined on its decision, the aliens were allowed counsel. Held, that the board, even though the aliens might not be constitutionally entitled to counsel, was guilty of unfairness, for the denial put upon the board a great burden of explanation and scrupulous regard for the aliens' rights, which was not sustained.

4. ALIENS ⬤⟞53—DEPORTATION—RIGHT OF DEPORTATION.

That an alien not within the excluded classes, seeking admittance into the United States, made a misstatement as to where he was intending to proceed, is no ground for his deportation after admittance.

5. HABEAS CORPUS ⬤⟞111(1)—EXCLUSION OF IMMIGRANTS—PROCEEDINGS—DISCHARGE.

When it appears, on petition for habeas corpus, that an order for the deportation of an alien was entered without a fair hearing, the court, while it cannot reverse the decision and remand the case, should make its order for the discharge of the alien conditional to become effective only in case the immigration authorities fail to order deportation after fair hearing within a reasonable time.

At Law. Petition by Frank J. McKay, on behalf of one Lalime and one Beaulieu, for a writ of habeas corpus. Order entered discharging Lalime and Beaulieu on condition.

Richard P. Stapleton, of Holyoke, Mass., for appellant.

'MORTON, District Judge. Habeas corpus to the immigration commissioner at the port of Boston. The writ issued, and there was a hearing in open court on the question whether the aliens (who will be referred to as the petitioners) were entitled to be discharged. They have been ordered deported by the Secretary of Labor upon the grounds that they entered the United States as "contract laborers" (Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898, as amended by Act March 26, 1910, c. 128, § 1, 36 Stat. 263 [Comp. St. 1916, § 4244]), and without inspection as provided by law. They were in custody under the warrant of deportation when these proceedings were instituted. They contend (1) that they were not accorded a fair hearing by the immigration authorities, and (2) that there was no evidence justifying the Secretary's findings and order.

[Here followed a finding of the facts, after which the court proceeded as follows:]

[1] In so-called "warrant" cases, i. e. those where the alien has been admitted to this country and the question is as to his right to remain, the practice differs in some respects from that on applications for admission to the country, as was fully pointed out in Ex Parte Chin Loy You (D. C.) 223 Fed. 833, 834. In cases like the present the board of special inquiry performs two functions: (a) It takes evidence, much like a commissioner in equity, and makes up a record which is sent to the Secretary of Labor for his decision thereon; and (b) it makes findings on the evidence and recommendations as to the proper disposition of the case, which also go to the Secretary, and are an important factor in his decision.

[Here followed a further finding of the facts.]

[2] The record is a rather long one, and it is not practicable to refer to it with great detail, but it contains many indications of bias or hostility against the petitioners by the board of special inquiry. The members of the board apparently did not feel under any duty to conduct an impartial and fair investigation to get at the real facts, but acted as a prosecuting body, whose business it was to make as strong a case as possible against the aliens. The difficulty with this view is that the board had the judicial duty of making findings of fact, and was bound to act fairly to both sides in doing so. The effort to prevent an application to the courts for habeas corpus was indefensible and indicative of a wholly mistaken attitude towards the matter. It seems to me, and I am obliged to find, that there was intentional unfairness by the board of special inquiry towards the petitioners, which entered into the findings on which the Secretary acted and makes the proceedings invalid. The Secretary of Labor appears to have considered all the evidence and arguments submitted by the petitioners, but he also considered and adopted the findings of the board. They constitute such an important and vital part of the case submitted to

him that his decision must have been influenced by them. It does not appear that he disregarded them or was aware of their infirmities.

[3] As to the denial of the right of counsel: I assume for the purpose of the case, but without so deciding, that the petitioners, although duly admitted to this country, are not within the protection of the Constitution upon matters of this sort. The present case, in this and other aspects of it, is very similar to Ex parte Chin Loy You, supra, and what was then said as to the right of aliens to counsel is applicable here:

"Without undertaking to say that a prisoner has an absolute right to counsel before administrative boards, not composed of lawyers, or that the denial of counsel would in every case prevent such proceedings from being fair, I am of opinion that, under such circumstances as are disclosed in this case, where counsel for a prisoner seasonably requests the privilege of conferring with him before the trial and of being present during the taking of the evidence, the refusal of that request puts upon the official so acting a great burden of explanation and of scrupulous regard for the prisoner's rights." 223 Fed. 833, at page 839.

The position of the board of special inquiry on the question, as testified to by its chairman, was as follows:

"Q. Is it the practice of the board with respect to that, Mr. Hurley, to practically complete your direct examination of the witnesses before the alien's counsel comes, or only partially complete it? A. We conduct our hearings to such a stage as we are satisfied to sustain the allegations in the warrant of arrest, and if we are then and there satisfied, with all the members of the board present— The Court: Just a minute. You say you conduct your hearing— The witness: As far as we are satisfied to sustain the allegations contained in the warrant of arrest issued by the Secretary of the Department of Labor. If we are then and there satisfied, I generally ask the members of the board if there are any questions to be asked. They reply in the negative. We notify the alien of his rights. We generally give him the warrant to read, and if he cannot read English we have the interpreter read it for him. We also notify him of his bonding privileges—to be released. We notify him of his rights to be represented by counsel at that hearing or any future hearing. Q. You said in your answer you waited until you were satisfied that the allegations of the complainant were true or something of that kind? A. As far as we were concerned. Q. Supposing you are not satisfied, when would you notify him of his right to have counsel present? A. Not until such stage of the proceedings that we were satisfied ourselves. Q. Did you hear any other witnesses besides the two aliens before notifying him of his right to counsel? A. No, sir; not at that stage. Q. Supposing the testimony of the aliens failed to satisfy you of the allegations, would you still notify him of his right to counsel? A. No; we might postpone it, for some one reason or other. Q. But some time before you finished you would always notify him of his right to counsel? A. It has always been customary, in hearings of this kind, that we complete the hearing, if possible, unless something transpired that we would be unable to conclude the hearing, so far as we are concerned. That is not a final hearing, you understand. Q. Some time before you complete your record and send it to Washington is it always your custom to give him a right to counsel? A. Always; yes, sir. Q. And give him an opportunity to present evidence? A. Yes, sir. The Court: After you have made up your minds? Is that it? The Witness: After we have secured evidence enough to satisfy ourselves that the alien is unlawfully in the United States. But that is not final. The Court: After you have satisfied yourselves that he is unlawfully in the United States, then you let him have counsel? The Witness: After we have satisfied ourselves that the alien is unlawfully in the United States—after we have personally satisfied ourselves, the board, that we have no further questions to ask— we notify him of his right to have counsel. The Court: But before that you do not do that? The Witness: Not until we are satisfied that the hearing is

complete, so far as we are concerned. Q. But I asked you, If you are not satisfied by the evidence what you would then do? A. We are generally satisfied. I don't know of any case where the evidence did not satisfy the board to close it. I know of no case that it was held over for any length of time. It is not a question of proving everything. We have to satisfy the Department of Labor, and we think we have sufficient evidence to satisfy the Department of Labor. Q. If a case should arise where you think you have not sufficient evidence. what would be your method? A. I know of none that has arisen in my experience. Q. How would you meet such a contingency, if it should arise? A. We would close the case, and notify him of his right to counsel. Q. You would then notify him of his right to counsel? A. Yes, sir. We have generally agreed that we had evidence in our minds to satisfy the Commissioner that the alien was here unlawfully." (Pages 7, 8, 9, 10.)

Subsequently the witness attempted to modify some of these statements, but I am satisfied that they correctly represent the attitude of the board. It thus appears that the board of special inquiry denied to the petitioners the advice and assistance of counsel until it was ready to decide against them. The board, before making its findings, did not hear or consider any arguments by counsel, those being addressed solely to the Secretary. The assistance of counsel was denied at the time when it is most valuable. The evidence by no means establishes such a sincere effort by the board to arrive at the truth, and such scrupulous regard for the prisoners' rights, as justify the denial of counsel, under the law as above stated. The denial was a substantial injustice, because the board made findings adverse to the petitioners.

[4] What has been said is sufficient to dispose of the case, and it is unnecessary to decide whether there was any evidence in support of the Secretary's findings and order; but, in view of the possibility of an appeal, the question ought perhaps to be passed upon in this court. Upon the whole evidence, it seems to me that the finding that the petitioners were "contract laborers," within the statute, is so unsupported by evidence as to be unreasonable and arbitrary.

In the warrant a second ground for deportation is stated, namely:

"That they (the aliens) entered without the inspection contemplated and required by said act, having secured admission by means of false and misleading statements (section 20 and all sections requiring aliens to be inspected), and may be deported in accordance therewith."

This has not been urged as a separate ground of deportation. The only misstatement of which there is the slightest evidence is that the aliens said they were going to "Armadas (sic) Robert, 28 Lyons St., Holyoke, Mass." One of them said that Robert was a "cousin," and the other that Robert was a "friend." The record is incomplete, and there is no satisfactory evidence that the statements were made by the aliens. It does not appear that the records of which copies were put in evidence are invariably, or even customarily, made from statements by the aliens therein referred to. No decision has been called to my attention holding that a misstatement to an immigration inspector, made by a person not within the excluded classes, is ground for deportation after the alien has been admitted into this country. There is no express provision to that effect in the statute, and I do not think the statute can properly be extended by implication to confer such extremely wide powers.

[5] The petitioners contend that, in cases where there was actual and intentional unfairness toward the alien by the immigration authorities, the method of disposition established by Ex parte Petkos, 214 Fed. 978, —— C. C. A. ——, ought not to be followed, but that such cases ought to be heard by the court upon the question of the alien's right to enter, or to remain in, the country; citing Chin You v. U. S., 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369. This court is, however, bound by the Petkos decision, and the present case will be disposed of in accordance therewith. The respondent has made certain requests for findings and rulings. In view of what has already been said, it is unnecessary to pass upon them specifically.

An order will be entered on June 15th next discharging the petitioners, unless it be made to appear that there is, at that time, outstanding against them a valid order of deportation made after fair hearing by the immigration authorities, or there is on file in these proceedings a request by the respondent for further hearing in this court on the right of the petitioners to remain in this country.