Attorneys—Burch, Bacon & Denlinger, for Siff; Rockwell & Grant, for O'Neil Co.

---

## No. 137
## STANLEY ROBERTS v. THIRD NATIONAL EXCHANGE BANK

Ohio Court of Appeals, Wood County
No. 272.  Jan. 15, 1923

NEGOTIABLE INSTRUMENTS — (1)  Cognovit judgment—Note executed to deceive bank examiner as to excessive loan, not illegal—(2)  But cannot be interposed as a defense to the note—(3) Parol evidence rule—(4)  Incompetent under negotiable instruments law, 8121 GC.—(5)  Consideration for a note.

CHITTENDEN, J.

### Epitomized Opinion

Error to Wood County Common Pleas

The defendant bank took judgment against Roberts in the Common Pleas in the sum of $10,000. upon a cognovit note, without service of summons. A motion to set aside the judgment was made averring that it was taken upon a warrant of attorney for more than the amount due; that the defendant was not indebted upon the note in any amount, and that he had a good and sufficient defense to the note.

At the hearing upon the motion the defendant submitted, as an affidavit, an answer he sought to file in the action, but no other evidence. The court found that the answer tendered did not contain facts sufficient to constitute a defense, and overruled the motion to vacate the judgment.

The answer set up that the bank had loaned a certain motor company $10,000, and an additional loan of $10,000 was necessary to permit it to continue business and save to the bank the loan already made; that the bank stated to him, Roberts, that if he would sign a "paper writing," a loan might be made ostensibly to him, and thus deceive the bank examiner, as to an excessive loan, but it was not to be considered a note, but merely an accommodation

to the bank to conceal the real transaction and permit it to make the loan. The Appellate Court held:

1. That a national bank is not precluded from collecting the full loan, because in excess of the amount permitted by law and the transaction is neither illegal or void.

2. That a defense sought to be interposed to a note that it was executed to deceive the examiner, so far taints it with illegality as to preclude defendant from interposing it.

3. In order to prove the defense pleaded, it would have to be done by parol evidence, which would be inadmissible, as tending to vary a written instrument. No claim being made the signature to the note was obtained by a trick or fraud, 52 O. S. 64 followed.

4. That the evidence would not be competent under 8121 GC., authorizing the reception of evidence to show the delivery was conditional or for a special purpose, and not to transfer property in the instrument, as the negotiable instrument law is merely a codification of established law, 214 Fed. 973 followed.

5. The loan of the $10,000 to the motor company constituted a sufficient consideration to sustain the note. The action of the Common Pleas refusing to open the judgment was affirmed.

Attorneys—Harrington & Dunn, and Ritter & Hutchens, for Roberts; Marshall & Fraser, for the bank.

---

## No. 138
## COLUMBIA CHEMICAL CO. v. EMMONS

Ohio Court of Appeals, Summit County
No. 665.  Dec. 20, 1922

INDUSTRIAL INSURANCE — (1)   Appeal — (2) Limitation of time.  Workman's Compensation.

PARDEE, J.

### Epitomized Opinion

Jennie Emmons filed with the Industrial Commission an application for an allowance of claim for death of husband from gas leaking from a flue in the factory.  This not being allowed, she filed an appeal in the Common Pleas.  Two petitions were filed which were dismissed.  She secured a verdict but the time limitation for filing an appeal had expired.  The Chemical company claimed that she was barred and the court had no jurisdiction.
Held:

1. The statute requires the informal appeal to be filed and does not require the petition to be filed within the limited time.

2. The proceeding to determine liability under the law is not a civil action; jurisdiction attaches on filing of appeal; and it then proceeds like a civil action, and the court can give extension of rule, time to file pleading, as in other cases.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart and Ashley M. Van Duzer, for plaintiff in error; Payer, Winch, Minshall & Karch, M. C. Harrison, Chas. N. Krieg and S. C. Miller, for defendant in error.